## WILLIAM SNEED v. THE PEOPLE.

*Prosecuting counsel—Information for murder under Comp. L., § 7916.*

The prosecuting attorney may employ counsel by leave of the court to assist in a prosecution, and the counsel's services would be a proper charge against the county.

It is error to exclude evidence that counsel assisting in a prosecution were employed by the complaining witness or by private parties, even though the prosecuting attorney consented or requested that they should act.

One cannot be compelled to go to trial on an information until he has had an examination or waived it.

An information charging "that William Sneed, late of the town of Antwerp in the county of Van Buren and State of Michigan, heretofore, to-wit: on the 13th day of June in the year one thousand eight hundred and seventy-six, at the township of Porter in said Van Buren county, feloniously, willfully and of his malice aforethought, did kill and murder one Lafayette Love, contrary to the form of the statute" etc., was *held*, under Comp. L., § 7916, sufficient to charge murder in the first degree.

Error to Van Buren.    Submitted January 8.    Decided Jan 29.

Murder.    The facts are in the opinion.

*Lester A. Tabor* for plaintiff in error.    An information for murder in the first degree must allege such a state of facts as will show the accused that he is to be tried for murder of that degree (see Comp. L., §§ 7818, 7939; *Hanna v. People*, 19 Mich., 316; *Yaner v. People*, 34 Mich., 286-9; *Merwin v. People*, 26 Mich., 298; *State v. Eno*, 8 Minn., 220; *State v. Gary*, 36 N. H., 359; *State v. Parker*, 43 N. H., 83), and everything essential to the description of the offense must appear, Comp. L., § 7928; *Enders v. People*, 20 Mich., 233; *Napman v. People*, 19 Mich., 352; *Koster v. People*, 8 Mich., 431; *Rice v. People*, 15 Mich., 9; *People v. Olmstead*, 30 Mich., 431; *Dillingham v. State*, 5 Ohio St., 280; *State v. Henderson*, 1 Richardson, 179; *Tennessee v. Fields*, Mart. & Yerg., 137; *Fink v. Milwaukee*, 17 Wis., 26; *Com. v. Ramsey*, 1 Brews. (Pa.), 422.    If the punishment differs according to the degree of murder, the information must show what constitutes the difference, *State v. Learned*, 47 Me., 426; *Bryan v. State*, 45 Ala., 86; Bish. on Stat. Crimes, 370, 372, 471; 1 Bish. Crim. Pro. [2d ed.], §§ 77, 370, 372, 499, 592; an information should show all facts necessary to the punishment to be inflicted, *Finn v. State*, 5 Ind., 400; *State v. Murphy*, 21 Ind., 441; *Cordell v. State*, 22 Ind., 1; *People v. Potter*, 5 Mich., 1. The words "malice aforethought" are necessary in an indictment for any kind of murder, 1 East P. C., 345; 1 Hale P. C., 187; *Com. v. Gibson*, 2 Va., 70; *Maile v. Com.*, 9 Leigh.( Va.), 661; *Anderson v. State*, 5 Pike (Ark), 444. If the ingredients of murder in the first degree are not shown, it is not to be presumed that the killing was anything more than murder in the second degree, *McCue v. Com.*, 78 Penn. St., 185.    Murder in the first degree must be malicious, willful, deliberate and premeditated,

or committed in the attempt to perpetrate certain felonies, and the information must show this, *Palmore v. State*, 29 Ark., 248; *State v. Garrand*, 5 Or., 216; *State v. Foster*, 61 Mo., 549; *State v. Reakey*, 62 Mo., 40. Every indictment must be clear enough to apprise the accused of the crime he is charged with, and allege every ingredient of the offense (*U. S. v. Cruikshank*, 92 U. S., 542; *Keller v. State*, 51 Ind., 111; *State v. Dougherty*, 4 Or., 200; *People v. Doyell*, 48 Cal., 85), and the Legislature cannot dispense with such allegations, *McLaughlin v. State*, 45 Ind., 338; *Markle v. State*, 3 Ind., 535; *People v. Aro*, 6 Cal., 207. Where a statute gives the ingredients of an offense, an indictment under it must follow its language, *Eubanks v. State*, 17 Ala., 181; *Bush v. State*, 18 Ala., 415; *State v. Plunket*, 2 Stew. [Ala.], 11; *La Vaul v. State*, 40 Ala., 44; *State v. Raiford*, 7 Port., 101; *State v. Stedman*, 7 Port., 495; *State v. Mahan*, 2 Ala., 340; *State v. McKenzie*, 42 Me., 392; *Com. v. Macuboy*, 3 Dana [Ky.], 70; *State v. Stiles*, 5 La. Ann., 324; *State v. Porte*, 9 La. Ann., 106; *State v. Read*, 6 La. Ann., 227; *State v. Casey*, 45 Me., 435; *Ike v. State*, 23 Miss., 525; *State v. Gove*, 34 N. H., 510; *People v. Allen*, 5 Den., 76; *State v. Raines*, 3 McCord, 533; *State v. Williams*, 14 Tex., 98; *Hampton's Case*, 3 Gratt., 590; *Murphy v. State*, 28 Miss., 637; *State v. Ellis*, 4 Mo., 474; *Vaughn v. State*, 4 Mo., 530; 2 Russ. on Crimes, 124, 1062 and 1066. Where the words "deliberately premeditated design" have been used in the statute to distinguish the difference between offenses, it must be used in the information, *State v. McCormick*, 27 Ia., 402; *State v. Watkins*, Id., 415; *Fouts v. State*, 8 Ohio St., 98, 111, 112; *Kain v. State*, Id., 306; *Robbins v. State*, Id., 131; *Hagden v. State*, 10 Ohio St., 459; *Loeffner v. State*, Id., 598.

Attorney General *Otto Kirchner* for the People.

MARSTON, J. Plaintiff in error was convicted of the crime of murder in the first degree. The only errors necessary to notice are two:

*First.* On the trial of the cause counsel for respondent objected to counsel who had been employed by the prosecuting witness, and other private individuals to assist in the prosecution of said cause, so appearing, and offered to show that he was thus employed. Thereupon the prosecuting attorney stated to the court that the counsel referred to was acting in the cause at his request. The court refused to hear the evidence and permitted the counsel so employed to assist in the prosecution of the case.

That the prosecuting attorney has a right to employ counsel with the leave of the court, to assist in the prosecution of a cause, and that the services so rendered would constitute a proper charge against the county, we have no doubt. Counsel so employed are acting for and on behalf of the public,—as much so, and with as much impartiality as the prosecuting attorney, and many cases may arise where it is highly proper that counsel should be so employed in the interests of justice. It is quite different, however, where such counsel are employed by the complaining witness or the party injured or by private individuals. Counsel so employed can in no fair sense be said to be employed by or on behalf of the people, even although the prosecuting attorney may consent to or even request that counsel be so employed. This case comes clearly within the case of *Meister v. The People*, 31 Mich., 99.

*Second.* That the charge contained and set forth in the warrant [1] and information [2] does not amount to a

---

[1] Warrant.—State of Michigan, county of Van Buren, ss. To the sheriff, or any constable of said county, greeting: Whereas, Benj. F. Heckert, prosecuting attorney of said county, hath this day made complaint in writing, or on oath, to me, Kirke W. Noyes, a justice of the peace of the township of Paw Paw, in said county, that heretofore, to-wit, on the 13th day of June, A. D. 1876, at the township of Porter, in the county aforesaid, William Sneed, late of the township of Antwerp, in said county of Van Buren, feloniously, willfully and of his malice aforethought, did kill and murder one Lafayette Love, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan: and whereas, on examination on oath of the said Benj. F. Heckert by me, the said justice of the peace, it appears to

charge of murder in the first degree. Our statute (2 Comp. L., § 7916) provides that in all indictments for murder and manslaughter, it shall not be necessary to set forth the manner in which or the means by which the death of the deceased was caused; but it shall be sufficient in any indictment for murder, to charge that the defendant did willfully, and of his malice aforethought, kill and murder the deceased. The charge as contained in the warrant and information fully complied with this statute and was, we think, sufficient. It is not open to the objection, as urged, that it does not sufficiently apprise the accused of the nature of the offense for which he is to be tried. No one we think could misunderstand the nature or effect of such a charge or be misled by it. The practice in this State since the passage of this statute, has been quite uniform in adopting the form here given, and no question has heretofore been raised as to the sufficiency of the same, or as to the want of power in the Legislature to pass such a statute. There may be cases where an information in the language of the statute, as in *People v. Olmstead*, 30 Mich., 439, would not be sufficient, but this is not one of that class. Here the evidence on the part of the

me the said justice of the peace, that said offense has been committed, and there is just cause to suspect the said William Sneed to have been guilty thereof: therefore, in the name of the people of the State of Michigan, you and each of you are hereby commanded forthwith to arrest the said William Sneed, and bring him before me the said justice of the peace, to be dealt with according to law. Given under my hand and seal, at Paw Paw, in said county, on the 27th day of August, A. D. 1877. Kirk W. Noyes, justice of the peace. [L. S.]

² Information.—State of Michigan, county of Van Buren, ss. The circuit court for the county of Van Buren. Benj. F. Heckert, prosecuting attorney for the county of Van Buren aforesaid, for and in behalf of the State of Michigan, comes into court in the August term thereof, A. D. 1877, and gives it here to understand and be informed, that William Sneed, late of the town of Antwerp in the county of Van Buren and State of Michigan, heretofore, to-wit: on the 13th day of June in the year one thousand eight hundred and seventy-six, at the township of Porter in said Van Buren county, feloniously, willfully and of his malice aforethought, did kill and murder one Lafayette Love, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan. Benj. F. Heckert, prosecuting attorney for the county of Van Buren.

prosecution tended to show that respondent went with a loaded gun into a piece of woods on or near the road where deceased was about to pass, and there waited until he came along and shot and killed him. The distinction between the ordinary common-law offenses, where the indictment contained no more definite information than was set forth in this case, and those offenses which originated in the statute defining them, where allegations conforming to the statute must be set forth, was pointed out in the case last referred to. See also *Meister v. People*, 31 Mich., 99. In this case it was claimed that the information should be more full and explicit in its allegations than a common-law indictment, and that such was necessary to inform the accused fully of the nature of the accusation. Under our system an information cannot be filed against the accused and he compelled to go to trial thereon until after he has had an examination or waived the same. This gives him full opportunity, if he desires to avail himself of it, to ascertain fully the facts to be brought forth against him, and that in a much clearer and better manner than he could have ascertained them under the grand jury system.

We are of opinion that the charge as contained in the warrant and information was sufficient; but for the error already pointed out the judgment must be reversed and a new trial ordered.

The other Justices concurred.