THE PEOPLE v. ELLEN C. BEMIS.

*Criminal prosecution—Associate counsel for prosecution—Means of committing murder—Circumstantial evidence—Amendment of judgment entry.*

Counsel to assist the prosecuting attorney in a particular prosecution may properly be employed by the board of supervisors, with the sanction of the circuit court and the approval of the prosecuting attorney.

The prosecuting attorney is a quasi judicial officer, and he and any one associated with him represent public justice exclusively, and stand indifferent as between the accused and any private interest.

An information charging that the accused, at a time and place stated, "feloniously, willfully, and of her malice aforethought, did kill and murder," etc., without stating the means by which the murder was done, is sufficient, under the statutory system of procedure in Michigan, as the information is based on a full examination into the facts on a complaint before a justice, and this examination, unless waived, is returned into the circuit court, where the respondent can

avail himself of it to restrict the trial to the matters on which he has been examined.

A woman was prosecuted for killing her son-in-law with strychnine, and it was the theory of the prosecution that the victim's wife was accessory to the crime. *Held*, that it was not error to admit evidence that on the night after his death the two women slept together, and were heard whispering a long time after retiring.

It is not clearly error, in a murder case, to admit evidence of ill-feeling between the accused and the victim, extending back two years before his death, though such a showing would be certainly remote.

Entry of judgment in a murder case may properly be amended a month after it was made, to show that the verdict was for murder in the first degree and to give the sentence correctly.

Error to Ionia. (Hart, J.) June 19.—October 10.

MURDER. Respondent was convicted. Affirmed.

Attorney General *Jacob J. Van Riper* and *Vernon H. Smith* for the People. Murder by poison is covered by an information in ordinary form, without stating the means: *Templeton v. People* 27 Mich. 501; *State v. Verrill* 54 Me. 408; *Com. v. Webster* 5 Cush. 295; *People v. Potter* 5 Mich. 1; *People v. Doe* 1 Mich. 451.

*Blanchard & Cagwin* for respondent.

COOLEY, J. The respondent stands convicted of the murder of one Will. Henderson. The information is very general, and charges that respondent "heretofore, to-wit, on the 18th day of January, one thousand eight hundred and eighty, at the township of Easton in said county of Ionia, feloniously, willfully and unlawfully and of her malice aforethought, did kill and murder one Will. Henderson, contrary to the statute in such case made and provided, and against the peace and dignity of the State of Michigan."

On the trial F. H. Smith, Esq., appeared as counsel with the prosecuting attorney, and this being objected to by the defense, his authority was inquired into, and it appeared that he had been employed by a committee of the board of

supervisors, subsequently sanctioned by the circuit court with the approval of the prosecuting attorney. The court thereupon overruled the objection. The ruling was correct. We have held that the office of prosecuting attorney was quasi judicial, and that he and any one associated with him must be exclusively the representative of public justice, and stand indifferent as between the accused party and any private interest. *Meister v. People* 31 Mich. 99; *Sneed v. People* 38 Mich. 248; *People v. Hurst* 41 Mich. 328. But Mr. Smith's position does not appear to have been assailable. He was not employed by any private interest, or any interest hostile to the prisoner, and there was no showing that he had or was likely to have any feeling or desire that would lead him to seek an unjust conviction. The board of supervisors to some extent represents the people in criminal matters, and the power to determine the compensation of counsel employed to aid the prosecution, is vested in that board. It was not improper, therefore, for the board to have a voice in the selection of counsel, or that, with the approval of the prosecuting officer, they should make all the arrangements. It is not to be assumed that counsel of their selection will be subject to improper influences.

Objection was made to the introduction of any evidence under the information, on the ground that as it failed to allege the means used or the manner in which the alleged murder was committed, it failed to give the respondent the information respecting the nature of the charge against her, which was necessary to enable her to procure her evidence, and be secure against being taken by surprise on the trial. If the information were to be tested by common-law rules, this objection might be insurmountable. But in *Sneed v. People* 38 Mich. 248, a similar information was held sufficient under the system of procedure established by statute in this State; and indictments equally general have been sustained against the same objection in other states. *Cathcart v. Com.* 37 Penn. St. 109; *Campbell v. Com.* 84 Penn. St. 187; *State v. Shay* 30 La. Ann. 114; *People v. King* 27 Cal. 507; *Newcomb v. State* 37 Miss. 383; *State v. Morrissey* 70

Me. 401; *Williams v. State* 35 Ohio St. 175. Under our system the information has for its basis a full examination into the facts upon a complaint before a justice; and as the examination is returned to the circuit court, the defendant will be enabled to avail himself of it in that court if the prosecution were to attempt to depart from it, and convict him of something upon which no examination had been had. It is true, the respondent, when brought before the justice, may, in his discretion, waive an examination; but the arrest is always preceded -by the complaint and if examination is waived, it must be supposed the defendant considered the disclosure of facts by the complaint as sufficient for his protection.

The record contains thirty-nine assignments of error, the majority of which relate to the admission and rejection of evidence. Most of the rulings appear to us so unmistakeably correct as to require no discussion. A few may be mentioned.

The theory of the prosecution was that the respondent murdered Henderson by administering strychnine to him while he was unwell at her house, and that his wife, who was her daughter, was accessory to the crime. Having put in evidence tending to prove this theory, they were allowed to show that the night following Henderson's death the respondent and her daughter slept together, and that they were heard whispering together a long time after retiring. This was objected to, and the defense justly contend that there was nothing very strange or suspicious about it. But this might be said, perhaps, of almost any isolated fact in the conduct of the accused contemporaneous, or substantially so, with the supposed crime, and if evidence of it can be rejected on that ground, it would be impossible to prove what the accompanying facts were. But this must generally be necessary where the crime is to be made out on circumstantial evidence, and the jury must be trusted to distinguish the significant facts from those which are unimportant. It is not likely that, standing alone, they would

look upon the whispering of two women in bed as a very suspicious circumstance.

The prosecution was permitted to show ill-feeling on the part of respondent towards Henderson, extending back two years before his death. This was objected to as too remote. It was certainly going back a good ways, but we cannot say that the trial judge exceeded the limits of a just discretion in receiving the evidence.

Some exceptions were made to the judge's charge, but as we think, without cause. It appears to have been altogether fair. Objection is also made to the action of the judge in amending the entry of the judgment a month after it was made. · But if this was necessary to make the record correspond to the fact, there was certainly no want of power. It seems that the entry as made failed to show that the verdict was one of murder in the first degree, and also gave the sentence incorrectly. This misprision of the clerk it was entirely proper to correct, and there was nothing in the lapse of time which could constitute an impediment.

The judgment must be affirmed.

The other Justices concurred.