## The People v. George Trombley.

*Criminal law—Assistant prosecuting attorney—Has power to sign, verify, and file information in case of absence; disability, or sickness of his superior officer.*

An assistant prosecuting attorney, who by statute is required to "discharge all the functions and perform all the duties of the office of prosecuting attorney" in case of the absence, disability, or sickness of his superior officer, has power to *sign, verify,* and *file* an information when the statutory contingency arises.

Exceptions before judgment from Wayne. (Chambers, J.) Argued June 23, 1886. Decided July 1, 1886.

Information for larceny. Respondent convicted. Affirmed. The facts are stated in the opinion.

*A. R. McBride*, for respondent.

*Moses Taggart*, Attorney General, for the People.

Morse, J. Trombley was convicted upon a criminal charge in the Wayne circuit court.

Before trial, he withdrew his plea of "not guilty," and his counsel moved to quash the information against him for the

reason that the same was not signed or sworn to by the pros-
ecuting attorney, but was signed and verified by the assist-
ant prosecuting attorney, and filed by him in the absence of
his superior.

The motion was denied. The case comes here upon this
single exception taken to this ruling.

The motion was properly denied. The statute expressly
provides that the information "shall be verified by the oath
of the prosecuting attorney, complainant, or some other per-
son." How. Stat. § 9550.

Originally, the assistant prosecuting attorney of Wayne
county was authorized "to perform such duties as may be
required of him by the prosecuting attorney." How. Stat.
§ 565.

In 1885 the statute was amended, and it was made the duty
of the assistant, "in case of the absence, disability, or sick-
ness of the prosecuting attorney, to discharge all the func-
tions and perform all the duties of the office of prosecuting
attorney." Act 109, Sess. Laws 1885, p. 111.

If constitutional, this statute meets any possible objection
that can be raised to the action of the assistant in this case.

The prosecuting attorney is an officer created by and exist-
ing under the constitution, but his duties and powers are to
be prescribed by law. Const. § 3, art. 10. There is no ex-
press or implied prohibition of the legislative action embodied
in this statute.

The assistant prosecuting attorney, before he enters upon
the duties of his office, takes the constitutional oath, and
there is no good reason why he should not be empowered to
draw, sign, verify, and file informations in the absence, sick-
ness, or disability of his superior. If he can assist in the
prosecution of an offender against the laws of the State to
such an extent as in reality to manage and control the case,
which power has never been doubted, there can be no reason-
able or tenable objection to his instituting the process, in the
first place, by which the accused is brought into and before
the court.

Before the passage of the act of 1885, when he was only

authorized to perform such duties as might be required of him by the prosecuting attorney, we held that in the necessary absence of the prosecuting attorney, and with the permission of the court, he might amend an information upon the trial of a cause.   *People v. Henssler*, 48 Mich. 49.

The judgment of the court below is affirmed.

The other Justices concurred.