FRANK L. FOLLENSBEE v. THE BOARD OF SUPERVISORS OF ST. CLAIR COUNTY.

*Counties—Liability to sheriff for fees and expenses in serving requisition.*

1. The *liabil ty* of a county to pay an account presented against it by a claimant, in his private or official capacity, is statutory, and the amount is restricted to the allowances stated in the statute.

2. A county is not liable for the costs and expenses of its sheriff, who was appointed by the Governor to serve a requisition at the instance of private parties, and who did not act in his official capacity in performing the services and incurring the expenses charged for, and which were not rendered or incurred at its request or that of its legal adviser.

Mandamus to compel the allowance of an account for serving a requisition. Submitted November 9, 1887. Denied

November 10, 1887.    The facts are stated in the opinion.

*Avery Brothers,* for relator.

*B. C. Farrand (E. G. Stevenson,* of counsel), for respondent.

SHERWOOD, J.    This proceeding is an application to this Court for a *mandamus* to the board of supervisors of St. Clair county to audit and allow an account of the relator, amounting to the sum of $693.80, as compensation for services and disbursements in making service of a requisition in the state of Texas, and bringing two fugitives from that state to Port Huron, in St. Clair county, and of which county the relator was sheriff at the time.

The record consists of the petition of relator, and the return made to the order of this Court to show cause.

From these it appears that the fugitives were charged with the crime of forgery, in the county of St. Clair, and that the prosecution of the alleged criminals, and the procuring of the requisition from the Governor to obtain their return, and the disposition made of the case after the fugitives were brought back, were at the instance of private parties residing out of the State, and who were creditors of the fugitives, and without the knowledge or consent of the prosecuting attorney of the county, or of the respondents.

When the relator was appointed agent of the State to serve the requisition, and receive from the authorities of the state of Texas the fugitives, by the Governor, he was appointed only as an individual, and not as sheriff, and the Governor took care to expressly state in the appointment of the agent that—

"The State [was] to be liable for no expense incurred in the pursuit and arrest of said fugitives."

It further appears by the return that, after the fugitives were brought back, some settlement was effected, and the

prisoners were discharged; also that the relator, as respondents are informed and believe, received $300 for the services for which he seeks payment from those who instituted the proceedings, under an agreement to return the same when his bill was audited and paid by the respondents.

It also further appears that the relator has twice presented his said account for allowance to the respondents, and each time allowance has been refused.

If the county is under any obligation to pay the account of the relator in this or in any other case, the liability must arise from a statutory provision requiring such payment to be made; and, whether claimed by the relator in a private or official capacity, the right must be based upon statute, and the amount restricted to the allowances therein stated. *Burk v. Webb*, 32 Mich. 182; *Clark v. Ingham Co. Supervisors*, 38 Id. 658; *Peck v. City Nat'l Bank*, 51 Id. 353; *Vincent v. Mecosta Co. Supervisors*, 52 Id. 340.

The statutory provisions relating to requisitions for fugitives from justice, and the expenses incurred, are found in sections 5278, 5279, Rev. Stat. U. S., and 9620, How. Stat.

The former provide that the costs and expenses incurred in apprehending, securing, and transmitting fugitives to the state or territory making demand for them shall be paid by such state or territory. The latter authorizes, in cases like the present, the appointment by the Governor of agents to demand of the authorities of other states fugitives from Michigan, and provides that the accounts of the agents shall, unless otherwise directed by the Governor, be audited by the Auditor General, and paid out of the State treasury.

As we have said, in this instance the Governor appointed the relator the agent of the State upon the express condition that the State was not to be liable for the expenses. This stipulation of the Governor, however, could not cast any liability upon the respondents, unless such liability otherwise existed.

The foregoing comprise all the statutory provisions upon the subject of requisitions relating to compensation and the payment of the expenses incurred in serving them. The relator can certainly find nothing in them upon which to base a claim against the county of St. Clair.

Section 9055, How. Stat., giving to the sheriff for services not otherwise provided for such sums as the board of supervisors might allow, does not apply to this case, for the reason that the relator was not acting in the capacity of sheriff in performing the services and incurring the expenses for which he claims. Neither were the services rendered, or expenses incurred, at the request of St. Clair county, or of its legal adviser.

The writ must be denied, with costs to respondents.

CHAMPLIN and MORSE, JJ., concurred.

CAMPBELL, C. J., did not sit.