PEOPLE v. O'NEILL.

1. CRIMINAL LAW—PLEADING.
    On the overruling of a demurrer to a plea in abatement in a criminal case, the prosecution may reply to the plea upon the merits.

2. SAME—APPOINTMENT OF ASSISTANT PROSECUTOR.
    Section 551, 1 How. Stat., requiring the prosecuting attorney to conduct all criminal prosecutions in the circuit court, and section 560, authorizing the employment of additional counsel upon a prosecution for a felony, do not prohibit the employment of counsel to assist in the preparation and investigation of cases before the grand jury, although involving misdemeanors only, if, in the judgment of the board of supervisors, the prosecuting attorney, and the court, such action is necessary.

3. SAME—VIOLATION OF LIQUOR LAW.
    The fact that an attorney is strongly prejudiced against the liquor traffic does not disqualify him from assisting in the prosecution of one charged with a violation of the local option law.

4. Same—Competency of Jurors.

A juror is not disqualified because he has formed an opinion as to the guilt of the accused, where it appears that such opinion is based upon hearsay, and is not fixed or positive, and he swears that he can render a fair and impartial verdict according to the evidence.

5. Same.

A juror who states that, if the evidence were about equally balanced, he would render a verdict of guilty, is incompetent.

6. Same—Evidence.

A witness who testifies to having delivered certain goods, together with the shipping bills, to the respondent, cannot be permitted to state where the goods were billed from, no notice to produce the bills having been given, since the bills are the best evidence.

7. Same—Hostile Witnesses—Examination.

Upon the examination of an unwilling witness for the people, it is competent for the prosecution to call the attention of such witness to depositions given by him on other occasions, not for the purpose of impeachment, but to refresh his memory, and, if possible, elicit the truth.

8. Same—Testimony Given Before Grand Jury.

Under the rule stated, the prosecution may interrogate such witness regarding his testimony before the grand jury, testimony so given being subject to disclosure, under 2 How. Stat. § 9502, for the purpose of testing the credibility of witnesses.

Error to Eaton; Smith, J. Submitted November 21, 1895. Decided December 24, 1895.

Edward O'Neill was convicted of violating the local option law, and sentenced to imprisonment in the state house of correction at Ionia for a term of six months, execution of sentence being stayed pending his appeal to this court. Judgment reversed.

*T. E. Tarsney* and *W. W. Wicker*, for appellant.

*Horace S. Maynard*, Prosecuting Attorney, for the people.

Grant, J. 1. The respondent was convicted of a violation of the local option law, in force in Eaton county,

upon an indictment presented against him by the grand jury. After a motion to quash was denied, the respondent interposed three pleas in abatement, setting forth that the circuit court had no authority to make an order for the appointment of an assistant prosecuting attorney, that said assistant prosecuting attorney unlawfully counseled and advised the grand jury, that said assistant prosecuting attorney had no authority to act, and that he had been employed by private parties to assist in the prosecution of violators of this law. To these pleas the prosecutor demurred. The demurrer was overruled, and the prosecutor permitted to file replications to the pleas. To these replications the respondent demurred, upon the ground that the former order overruling the demurrer was final, that its effect was to quash the indictment, and that he should be discharged. This demurrer was overruled, and a jury tendered to the respondent to try and determine the questions of fact set up in the plea. This the respondent refused, whereupon the plea in abatement was overruled, a plea of not guilty entered, and a trial had.

Formerly in England, even in cases of felony, when the demurrer to an indictment was overruled, the prisoner was not allowed to plead over, upon the theory that his demurrer admitted his guilt. Such, however, has not been the rule in this country, except, perhaps, in some cases of misdemeanor. Such a rule finds no commendation in reason. The purpose of a demurrer is to obtain the judgment of the court upon the law, and to determine whether the pleading on its face establishes a case. Of course, if the party stands by his demurrer, judgment must go against him. But the usual and proper practice is, where the demurrer is overruled, to permit the proper pleading to be filed to join issue. The respondent's counsel cite *Douglass* v. *Satterlee*, 11 Johns. 16. The practice permitted in that case is against the learned counsels' contention. Upon overruling the de-

murrer to the plea, it was held that the defendant was entitled to judgment, but with liberty to the plaintiff to withdraw his demurrer and reply. The universal rule in this country, when a demurrer to an indictment or information has been overruled, is to permit the respondent to plead over. The court in such case has determined that the indictment is good, and allows the respondent to plead to the merits. There is no good reason why the same ruling should not apply in behalf of the people to a plea in abatement, and such is the rule. *State* v. *Barrett,* 54 Ind. 434; *State* v. *Nelson,* 7 Ala. 610.

2. The board of supervisors authorized the employment of an assistant prosecuting attorney to assist the prosecutor in preparing and investigating cases before the grand jury. Acting under this resolution, the prosecutor applied to the court, asking the appointment of Mr. McPeek, and an order was entered making the appointment. The statutes (sections 551, 560, 1 How. Stat.) prescribing the duties of the prosecuting attorney, and authorizing the employment of additional counsel in cases of felony, do not prohibit the employment of additional counsel when, in the judgment of the board of supervisors, the prosecuting attorney, and the court, such additional counsel is necessary.

3. Objection was made to the employment of Mr. McPeek to assist in trying this cause, because of his strong prejudices against the liquor traffic. Before the court made the order, Mr. McPeek was examined under oath, and testified that he had a very strong prejudice against the sale of intoxicants as a beverage. This did not disqualify him. The public authorities were not required to employ an attorney who believed in the liquor traffic, or was indifferent to the illegal sales of liquor. The traffic in Eaton county was made illegal by the vote of the people. The stronger one's convictions are against an illegal traffic, the more efficient prosecutor he

is likely to make, and to such a prosecutor the people are entitled.

4. Objection was made to the competency of several jurors on the ground that they had formed opinions. Their opinions were based upon hearsay, were not fixed or positive, and the jurors swore that, notwithstanding such previously-formed impression or opinion, they could render a fair and impartial verdict. They were competent jurors.

5. One juror was incompetent. He had been a clergyman and was then a farmer. When asked what his verdict would be, if he found the testimony about equally balanced between the people and the respondent, he replied, "I should think it should be guilty."

6. A witness who had drawn some cases of goods to the respondent's place, billed as "hop pop," testified that he delivered the bills to the respondent, and was asked, "Where was the hop pop billed from?" The testimony was incompetent, and the question should have been excluded. The bills were the best evidence, and no notice was given to produce them. We decide this point in view of a new trial. The answer was unimportant, did no harm, and the case would not be reversed for this error.

7. Some witnesses for the prosecution were asked by the prosecutor about their testimony before the grand jury. It is apparent upon the record that these were unwilling witnesses for the prosecution, who were evidently prejudiced against it. It is competent, in such cases, for the prosecution to call the attention of witnesses to their depositions given on other occasions, for the purpose of refreshing their memories, and, if possible, eliciting the truth. This cannot be done for the purpose of impeachment. A party, however, is entitled to some latitude in the examination of hostile witnesses.

It is, however, insisted that the witness could not disclose the evidence he gave before the grand jury. The deci-

sions are not uniform upon the question how far evidence given before the grand jury may be disclosed in judicial proceedings. The decisions appear to be, to some extent at least, determined upon the statutes of the various States. In *State* v. *Knight,* 43 Me. 1, it appears to have been conceded upon the trial that such testimony was not admissible. In *Tindle* v. *Nichols,* 20 Mo. 326, plaintiffs were husband and wife, and brought their action against defendant for slander of the wife. The defendant justified, by alleging the truth of the words spoken, and that she, as a witness before the grand jury, swore falsely. The defendant, in order to prove his answer, called some of the grand jurors as witnesses to state what the wife had testified to before the grand jury. This was held incompetent under the statute of Missouri, which is the same as that in this State. 2 How. Stat. § 9502, reads as follows:

"Members of the grand jury may be required by any court to testify whether the testimony of a witness examined before such jury is consistent with, or different from, the evidence given by such witness before such court; and they may also be required to disclose the testimony given before them by any person, upon complaint against such person for perjury, or upon his trial for such offense," etc.

The present case is completely covered by this statute. Members of the grand jury can testify, in a proper case, to statements of witnesses made before them. The respondent could have introduced their testimony to contradict the testimony of the people's witnesses. *State* v. *Fasset,* 16 Conn. 467; *State* v. *Broughton,* 7 Ired. 96; *Way* v. *Butterworth,* 106 Mass. 75; 3 Rice, Ev. § 255.

8. Complaint is made that some of the remarks of the assistant prosecuting attorney in his closing argument to the jury were intemperate, and an unjustifiable appeal to prejudice. It is unnecessary to state them in this opinion. In view of a new trial, we deem it proper to say

that we think they are the subject of just criticism, and ought not to be repeated.    They were outside the limit of legitimate argument in a criminal case.

The judgment must be reversed, and a new trial ordered.

Long, Montgomery, and Hooker, JJ., concurred with Grant, J.    McGrath, C. J., concurred in the result.