MACGILLIS *v.* ALCONA COUNTY.

1. PROSECUTING ATTORNEYS — ASSISTANCE — STATUTES — SERVICES PERFORMED.

Under 1 Comp. Laws 1915, § 2418, authorizing the prosecuting attorney of a county, under the direction of the court, to procure such assistance in the trial of any person charged with the crime of felony as he may deem necessary for the trial thereof, payment should be made for services performed in good faith in the preparation for, as well as the trial of, a case after the order making the appointment is made.

2. SAME—COUNTIES—LIABILITY FOR SERVICES.

A county is not liable for services performed before the appointment of an assistant prosecuting attorney, regardless of the nature of the services.

3. APPEAL AND ERROR—COSTS—REDUCTION OF JUDGMENT.

An appellant in an action at law, who has reduced the judgment substantially, should have costs.

Error to Alpena; Mayne, J., presiding. Submitted January 19, 1917. (Docket No. 86.) Decided June 27, 1917. Rehearing denied December 28, 1917.

Henry R. MacGillis presented a claim against the county of Alcona for services rendered. The claim was disallowed in part, and claimant appealed to the circuit court. Judgment for claimant. Defendant brings error. Affirmed, conditionally.

*Herman Dehnke*, for appellant.

*Henry R. MacGillis, in pro. per.*

MOORE, J. Counsel for appellant comes into this court with 77 assignments of error which are discussed in a brief of 143 printed pages. Every important question in the case could have been presented in five or six assignments of error and could have been intelligently and exhaustively discussed in a brief of 15 or 20 pages. The course pursued makes a great deal of unnecessary work for this court, and is not to be commended.

The plaintiff is an attorney. It is his claim that the prosecuting attorney was ill and requested plaintiff to do some work for the people in a very important case, which work was in the nature of preparing the case for trial, and needed to be done, and that the prosecuting attorney would have the circuit judge appoint the plaintiff assistant prosecuting attorney, and that this was done, and that plaintiff did a large amount of work both in and out of court in preparing the case for trial and in trying the case. During some of the litigation there was a change of venue to Iosco county. During the litigation the board of supervisors advanced a sum of money to apply on his expenses and for services.

Later plaintiff presented an itemized bill for his services and expenses, amounting, after crediting what had been paid, to $1,291.03. The board of supervisors allowed him a balance due of $448. From this allowance he appealed to the circuit court. There was a change of venue to Alpena county, where the case was tried by a jury, and a verdict rendered in favor of the plaintiff for $1,310.44. The case is brought here by writ of error.

We quote from the brief of counsel for appellant:

"The main contention in the case arises out of the construction of the statute under which plaintiff was appointed assistant prosecuting attorney in the Barber cases, in respect to the power said statute gives the prosecuting attorney and circuit judge to hire or appoint assistants at the expense of the county, and for what services of the assistant the county is liable."

This general statement really covers the questions involved. The pertinent provisions of the statute are as follows:

Section 2405, 1 Comp. Laws 1915, reads:

"The prosecuting attorneys shall, in their respective counties, appear for the State or county, and prosecute or defend in all the courts of the county, all prosecutions, suits, applications and motions, whether civil or criminal, in which the State or county may be a party, or interested."

The provisions of section 2418, 1 Comp. Laws 1915, germane to this discussion, reads:

"SECTION 1. That the prosecuting attorney may, under the direction of the court, procure such assistance in the trial of any person charged with the crime of felony as he may deem necessary for the trial thereof, and the prosecuting attorney may, under the direction of the court, in case of disability of the prosecuting attorney, appoint an assistant to perform his duties during the disability of the prosecuting attorney, and such assistant shall be allowed such reasonable compensation as the board of supervisors or

the board of county auditors in counties having county auditors shall determine, for his services."

It is the contention of appellant that plaintiff could recover only for work done in court during the actual trials of the case. It is also claimed that, even though plaintiff might recover for work done in the preparation of the case, his bill contains charges for much work that was entirely unnecessary in the preparation of the case and charges for expenses that were improper.

Much stress is laid by counsel upon the opinion in *Green Lake County* v. *Waupaca County*, 113 Wis. 425 (89 N. W. 549). The question presented there was the amount of compensation that might be recovered by an attorney appointed to defend an indigent respondent, and it was held that under the terms of the Wisconsin statute the compensation in that class of cases must be limited to the time spent in court.

In the instant case the trial judge instructed the jury:

"For the time that the plaintiff actually and necessarily expended in the preparation for the trial of this cause he is entitled to recover a sum not less than $10 nor more than $15 per day under the testimony. The minimum price testified to is $10, the maximum $15. Between these two limits you must find. You can find $10, or $15, or any sum between those two."

The case was much simplified by the consent of the parties in open court that for the time actually spent in court plaintiff might recover $25 a day. The testimony on the part of the defendant was that such services as were rendered out of court should be limited to $10 a day, while on the part of the plaintiff it was to the effect that they would be worth $15 a day.

Our statute has been construed. In *Sneed* v. *People*, 38 Mich. at page 251, it is said:

"That the prosecuting attorney has a right to em-

ploy counsel with the leave of the court to assist in the prosecution of a cause, and that the services so rendered would constitute a proper charge against the county, we have no doubt. Counsel so employed are acting for and on behalf of the public, as much so and with as much impartiality as the prosecuting attorney, and many cases may arise where it is highly proper that counsel should be so employed in the interests of justice. It is quite different, however, where such counsel are employed by the complaining witness or the party injured or by private individuals."

See *People* v. *O'Neill*, 107 Mich. at page 559 (65 N. W. 540).

In *People* v. *Thacker*, 108 Mich. at page 658 (66 N. W. at page 564), it is said:

"Mr. Pratt, who assisted the prosecuting attorney, was not a resident of Benzie county. It is claimed that he was disqualified from acting in the capacity of prosecuting officer by reason of his nonresidence. So far as we can find, the question is a new one in this State. 1 How. Stat. § 560, provides that the prosecuting attorney may, under the direction of the court, procure assistance in the trial of felonies. It has been repeatedly held that this may be done. *Meister* v. *People*, 31 Mich. 99; *Sneed* v. *People*, 38 Mich. 251; *Ulrich* v. *People*, 39 Mich. 245; *People* v. *Bemis*, 51 Mich. 422 [16 N. W. 794]; *Webber* v. *Barry*, 66 Mich. 127 [33 N. W. 289, 11 Am. St. Rep. 466]; *People* v. *Fuhrmann*, 103 Mich. 593 [61 N. W. 865]. In all of these cases great stress is laid upon the fact that the attorney so employed must be impartial and disinterested. To hold that the person so employed must be a resident of the county would have the practical effect, in newer counties, where there are but few attorneys, of depriving the prosecuting officer of any assistance, while there is no limit to the number of able counsel with which the respondent may surround himself if he or his friends are able to employ them. In the absence of any decision to that effect, we are not inclined to hold Mr. Pratt disqualified because of his nonresidence."

In *People* v. *Auerbach*, 176 Mich. at page 43 (141

N. W. at page 876, Am. & Eng. Ann. Cas. 1915B, 557),
Justice STONE, speaking for the court, said:

"Section 2569, 1 Comp. Laws (a more recent stat-
ute), provides that the prosecuting attorney may,
under the direction of the court, procure such assist-
ance in the trial of any person charged with the crime
of felony as he may deem necessary for the trial there-
of. There is no claim here that Mr. Savidge was dis-
qualified, or that he was an improper person to act
in the case.

"This court held, in People v. Trombley, 62 Mich.
278 (28 N. W. 837), that the assistant prosecuting at-
torney, who by statute is required to discharge all the
functions and perform all the duties of the office of
prosecuting attorney in case of absence, disability, or
sickness of his superior officer, has power to sign,
verify, and file an information when the statutory con-
tingency arises. There seems to be no question that
such officer is competent to take charge of the trial of
a criminal case.

"This court, in the case of People v. Bemis, 51 Mich.
422-424 (16 N. W. 794), said that the prosecuting at-
torney, and any one associated with him, must be ex-
clusively a representative of public justice, and stand
indifferent as between the accused party and any pri-
vate interest.

"There is nothing in this record to show that Mr.
Savidge's position was assailable upon any of these
grounds. This precise question has never been pre-
sented to this court before. The following cases refer
to the subject generally: Webber v. Barry, 66 Mich.
127 (33 N. W. 289, 11 Am. St. Rep. 466); Sayles v.
Genesee Circuit Judge, 82 Mich. 84-89 (46 N. W. 29);
People v. Fuhrmann, 103 Mich. 593 (61 N. W. 865);
People v. O'Neill, 107 Mich. 556-559 (65 N. W. 540);
People v. Thacker, 108 Mich. 652 (66 N. W. 562).

"We do not think that the court erred in its action
in this matter."

The language of the statute, we think, is broad
enough to justify payment for services performed in
good faith in the preparation for as well as the trial
of the cases after the order making the appointment
is made. No attorney of ability and experience would

think of entering upon the actual trial of a cause without familiarizing himself so far as he reasonably could with the facts which were likely to be brought out in the trial. He would also endeavor to look up the law questions which were likely to arise in the progress of the case.

The liability of defendant county is rested, however, upon the statute. Among the items which plaintiff has charged against the county, which defendant asked the court to eliminate, but which were submitted to the jury for allowance, are one for 11 days' time, November 7 to December 5, 1913, $165. These charges are for time spent before appointment, before any relations upon which the liability of the county could be asserted had been established.

While the word "trial," used in the statute, may be reasonably held to include preparation for trial, in view of the purely statutory foundation for the liability asserted, the county cannot be held liable for services performed before appointment, whatever the nature of the services may be. See, generally, for statement of the rule of liability of counties, 4 Am. & Eng. Enc. Law (1st Ed.), p. 359; 7 R. C. L. p. 950; 11 Cyc. p. 430; *Follensbee* v. *Board of Sup'rs of St. Clair Co.*, 67 Mich. 614 (35 N. W. 257); *McCurdy* v. *Shiawassee County*, 154 Mich. 550 (118 N. W. 625).

The judgment is therefore too large, and, if correct figures can be made or a proper judgment agreed to by counsel, should be affirmed in part and in accordance herewith. Otherwise the judgment must be reversed, and a new trial granted. Whatever course is taken, appellant, having reduced the judgment substantially, should have costs.

The other assignments of error do not call for discussion.

KUHN, C. J., and STONE, OSTRANDER, BIRD, STEERE, and BROOKE, JJ., concurred. FELLOWS, J., did not sit.