LAUGHERY v. COUNTY OF WAYNE.

1. STATUTES—INTERPRETATION.

In the interpretation of a statute the intention of the legislature should be ascertained, and, if possible, effect given to every word, sentence, and section thereof.

2. SAME—WHEN INTERPRETATION UNNECESSARY.

If the language employed in a statute is plain, certain, and unambiguous, a bare reading suffices and no interpretation is necessary.

3. ATTORNEY AND CLIENT—APPOINTMENT BY COURT—PROSECUTION OF BAILIFFS—COUNTIES.

Fees of attorneys appointed by judges of the common pleas court to prosecute charges of misconduct against two bailiffs of the court are proper charges against the county notwithstanding an absence of express provision for such compensation in statute creating such court and authorizing the appointment of the prosecuting or other attorneys for such purpose (Act No. 260, § 28, Pub. Acts 1929, as added by Act No. 254, Pub. Acts 1935, and amended by Act No. 129, Pub. Acts 1941).

4. SAME—IMPLIED PROMISE OF PAYMENT.

The State cannot compel an attorney to render services gratuitously and unless they are rendered gratuitously there is an implied promise of payment therefor.

5. SAME—STATUTES—SERVICES PRIOR TO APPOINTMENT—IMPLIED PROMISE OF PAYMENT.

An attorney appointed by a court pursuant to statutory authority may not recover from county on the implied promise of payment for services rendered prior to appointment (Act No. 260, § 28, Pub. Acts 1929, as added by Act No. 254, Pub. Acts 1935, and amended by Act No. 129, Pub. Acts 1941).

6. JUDGMENT—SUMMARY  JUDGMENT—QUESTION  FOR  COURT  TO
DETERMINE.

Province of court, on motion for summary judgment, is to deter-
mine judicially whether there is an issue of fact, which, if
resolved in favor of defendant, would preclude verdict for
plaintiff in whole or in part of his demand, and this is not,
to be determined alone from affidavits on motion for judgment,
but from all pleadings and files in cause.

7. SAME—SUFFICIENCY OF AFFIDAVIT OF MERITS—VALUE OF ATTOR-
NEY'S SERVICES.

An affidavit of merits in opposition to a motion for summary
judgment for attorney's services was not insufficient on the
ground that defendant was not a competent witness to the
value of an attorney's services as no one can state as a fact
the value of legal services but can only give his opinion (Court
Rule No. 30 [1933]).

8. SAME—SUMMARY  JUDGMENT—SUFFICIENCY  OF  AFFIDAVIT  OF
MERITS.

Summary judgment may not be awarded plaintiff unless the
truth being granted as to all facts alleged in defendant's af-
fidavit of merits, plaintiff would still be entitled to recover.

9. SAME—SUFFICIENCY OF AFFIDAVIT OF MERITS—VALUE OF ATTOR-
NEY'S SERVICES—COURT OF COMMON PLEAS—BAILIFFS.

County's affidavits of merits in opposition to plaintiffs' motions
for summary judgment in actions against county for attorney
fees for services rendered upon appointment by court of com-
mon pleas to prosecute charges of misconduct against bailiffs
raised issues of fact as to the value of the services rendered
upon which the county was entitled to adduce evidence and
have a trial on the merits, the certificates of the judge of the
common pleas court not being conclusive as to the value of
such services (Act No. 260, § 28, Pub. Acts 1929, as added by
Act No. 254, Pub. Acts 1935, and amended by Act No. 129,
Pub. Acts 1941; Court Rule No. 30 [1933]).

Appeal from Wayne; Richter (Theodore J.), J.
Submitted October 8, 1943.  (Docket No. 64, Calen-
dar No. 42,346.)  Decided November 29, 1943.

Separate claims were filed with Wayne County
Board of Auditors by David W. Laughery and Max

N. Freeman for professional services. Claims disallowed. Plaintiffs appealed to circuit court. Summary judgments for plaintiffs. Allan Stone, trustee for Max N. Freeman, bankrupt, substituted for plaintiff Max N. Freeman. Cases consolidated for appeal. Reversed and remanded for trial.

*David W. Laughery,* for plaintiffs.

*William E. Dowling,* Prosecuting Attorney, and *Samuel Brezner* and *William F. Connolly,* Assistant Prosecuting Attorneys, for defendant.

STARR, J. In pursuance of Act No. 260, § 28, Pub. Acts 1929, as added by Act No. 254, Pub. Acts 1935, and amended by Act No. 129, Pub. Acts 1941 (Comp. Laws Supp. 1942, § 16390-6, Stat. Ann. 1942 Cum. Supp. § 27.3679) (later amended by Act No. 233, Pub. Acts 1943), a judge of the common pleas court of the city of Detroit, in March, 1942, appointed plaintiff attorneys David W. Laughery and Max N. Freeman to prosecute charges of misconduct against two bailiffs of said court.

. Acting under such appointment, plaintiff attorneys conducted the prosecution and trial of said bailiffs, who were found guilty and ordered removed from office. Attorney Laughery then filed with the board of Wayne county auditors voucher or claim for legal services in the amount of $350. Attorney Freeman filed voucher or claim for legal services in the amount of $300 and for witness fees and expenses of $24.50. The judge of the common pleas court who had appointed such attorneys certified their respective claims as follows: "I hereby certify that the services described above were rendered to the county."

On the advice of the prosecuting attorney, the board of county auditors allowed attorney Freeman's claim of $24.50 for witness fees and expenses

but disallowed and denied the claims of both Laughery and Freeman for legal services. Each plaintiff attorney then appealed from the decision of the board of county auditors to the circuit court for Wayne county (1 Comp. Laws 1929, § 1186 *et seq.* [Stat. Ann. § 5.521 *et seq.*]).

On June 8, 1942, each plaintiff attorney filed motion for summary judgment (Court Rule No. 30 [1933]). Defendant county filed denial of liability and also affidavits of merits in opposition to each motion for summary judgment. In such affidavits of merits the defendant alleged, in substance, that the statute under which plaintiff attorneys were appointed did not authorize or provide for payment of their fees; and that their services were not worth the amounts they claimed.

It appears that attorney Freeman was adjudged a bankrupt July 10, 1942, and on petition an order was entered in circuit court substituting Allan J. Stone, his trustee in bankruptcy, as a party plaintiff.

In its orders granting summary judgments in each case the trial court held "that no sufficient affidavit of merits" had been filed by defendant county. The court entered judgment of $350 for plaintiff Laughery and judgment of $300 for plaintiff Stone, trustee, which were the full amounts of their respective claims for legal services. Having obtained leave, defendant appeals from such judgments, it being stipulated that the cases be consolidated and heard together on appeal.

The statute in question, under which plaintiff attorneys were appointed (Act No. 260, § 28, Pub. Acts 1929, as amended by Act No. 129, Pub. Acts 1941), provides in part:

"It shall be the duty of every such court (of common pleas) to compel bailiffs serving process out of such court to perform their duties, to examine into complaints against them, to determine their guilt or

innocence of misfeasance and/or malfeasance in office. * * * On complaint in writing, * * * from which it appears to the examining judge that any bailiff serving process out of such court is guilty of any misconduct in office, such judge shall issue an order in writing directed to such bailiff requiring him to appear * * * and show cause why said court should not take disciplinary action against such bailiff. * * * The judge or judges hearing said complaint * * * may require the prosecuting attorney of the county where such court is situated to prosecute said complaint *or appoint one or more attorneys-at-law to prosecute the same, and the county where such court is situated shall pay the fees for such witnesses, depositions, if any, and such other evidence adduced by such prosecutors as the judge or judges in charge of said proceedings shall approve or certify to the county auditors.*"

Section 2 of the above amendatory act provides:

"This amendatory act shall be liberally construed to effectuate the object thereof."

The first question presented is whether or not the above-quoted statute imposes liability upon the defendant county for the payment of compensation for the legal services of plaintiff attorneys. Plaintiffs argue that the statute authorizes the payment of expenses, including attorney fees, necessarily incident to the prosecution of charges against bailiffs of the common pleas court. Defendant argues that by omitting any provision for the payment of compensation to attorneys, the legislature intended that no compensation should be paid.

In *City of Grand Rapids* v. *Crocker*, 219 Mich. 178, 182, 183, we stated the following rule of statutory construction:

"There seems to be no lack of harmony in the rules governing the interpretation of statutes. All

are agreed that the primary one is to ascertain and give effect to the intention of the legislature. All others serve but as guides to assist the courts in determining such intent with a greater degree of certainty. If the language employed in a statute is plain, certain and unambiguous, a bare reading suffices and no interpretation is necessary. The rule is no less elementary that effect must be given, if possible, to every word, sentence and section. To that end, the entire act must be read, and the interpretation to be given to a particular word in one section arrived at after due consideration of every other section so as to produce, if possible, a harmonious and consistent enactment as a whole.

" 'No rule is better settled than, in construing a statute, effect must be given to every part of it. One part must not be so construed as to render another part nugatory, or of no effect. The same rule applies to words in construing a sentence.' *People* v. *Burns,* 5 Mich. 114."

The statute expressly provides that the common pleas court may require the prosecuting attorney to prosecute a complaint against a bailiff of said court or "appoint one or more attorneys-at-law to prosecute the same." It is conceivable that instances might arise where it would be necessary or advisable for the common pleas court to appoint one or more attorneys to prosecute charges against its bailiffs rather than to refer the matter to the prosecuting attorney. As we said in *Sneed* v. *People,* 38 Mich. 248, 251:

"Counsel so employed are acting for and on behalf of the public,—as much so, and with as much impartiality as the prosecuting attorney, and many cases may arise where it is highly proper that counsel should be so employed in the interests of justice."

While not expressly providing for the payment of compensation to an attorney appointed by the court,

the statute does provide that the county "shall pay the fees for such witnesses, depositions, if any, and such other evidence adduced by said prosecutors as the judge or judges in charge of said proceedings shall approve or certify to the county auditors." The legislature certainly did not intend that an attorney so appointed should render his professional services to the county gratuitously. We find no logical reason for requiring an attorney, appointed by the court under the above statute, to devote his time and professional skill without compensation. In the case of *Tull* v. *State, ex rel. Glessner,* 99 Ind. 238, an attorney was appointed to assist the prosecuting attorney in a criminal case. The statute did not provide for payment by the county of compensation for the services of the attorney so appointed. In holding the county liable for his services, the court said, p. 241:

"Assuming that the circuit court had authority to direct the employment of counsel to assist the prosecutor, there can be no difficulty in solving the question of the right to compensation. The State does not expect a man's service without fair compensation, nor can it, without violating the Constitution, compel an attorney to render services gratuitously. When the court directs a member of its bar to assist in the prosecution of a person accused of crime, it requires of him the bestowal of time, learning and labor, and these are things of value, for which justice, as well as the paramount law, requires that reasonable compensation shall be made."

In holding unconstitutional a statute which provided that a county should not be liable for the services of an attorney appointed by the court to defend a person charged with crime, the court said in *County of Dane* v. *Smith,* 13 Wis. 585 (80 Am. Dec. 754):

"Nor do we think that the legislature can leave with the courts the authority to order and employ (an attorney), and at the same time destroy the implied promise to pay. The latter arises immediately out of the former, and is, in the law, so inseparably connected with it, that where the former exists, the latter exists also. Unless the services are rendered gratuitously, which, under such circumstances, cannot be presumed, the promise of payment follows as of course."

In the case of *Board of County Commissioners of Hinsdale County* v. *Crump,* 18 Col. App. 59 (70 Pac. 159), the court said, p. 61:

"The court having power to appoint an assistant to the district attorney it necessarily follows that such assistant is entitled to compensation for his services to be paid by the county, which is charged with the payment of the expenses of the prosecution in a criminal trial. It is true that the statute does not make express provision for the payment of such compensation nor prescribe the amount of it, but the same might be said of other expenses which are sometimes necessarily incurred in a criminal trial."

The statute in question relates only to the common pleas court and was enacted to promote the better administration of justice. The court was authorized to appoint attorneys to prosecute charges against its bailiffs. It was also authorized to certify, for payment by the county, certain items of expense in connection with such prosecution. To hold that the legislature intended that attorneys so appointed should render their services gratuitously would result in negativing the intended beneficial results of the enactment. We are satisfied the legislature intended that the necessary and reasonable expenses, including attorney fees, incurred in connection with the prosecution of charges against bailiffs of said

court, should be paid by the county.   See *MacGillis* v. *Alcona County,* 197 Mich. 40; *Stowell* v. *Jackson Board of Supervisors,* 57 Mich. 31; *Hyatt* v. *Hamilton County,* 121 Iowa, 292 (96 N. W. 855, 63 L. R. A. 614, 100 Am. St. Rep. 354); *Hall* v. *Washington County,* 2 G. Greene (Iowa), 473; *Mathews* v. *Lincoln County Board of Commissioners,* 90 Minn. 348 (97 N. W. 101).

In passing, we mention that Act No. 233, Pub. Acts 1943, amending the 1941 act hereinbefore quoted, omits the provision authorizing the common pleas court to appoint an attorney to prosecute charges against its bailiffs.

The next question relates to the sufficiency of the affidavits of merits filed in opposition to plaintiffs' motions for summary judgments.   In such affidavits the county contended that the legal services of plaintiff attorneys were not worth the amounts they claimed.   In this connection we note that plaintiff attorneys were appointed March 17, 1942, but their vouchers or claims indicate that a substantial amount of each claim was for legal services rendered prior to that date.   In *MacGillis* v. *Alcona County, supra,* we held that an attorney appointed to assist the prosecuting attorney could not recover for legal services performed *prior* to his appointment.   In that case we said, p. 46:

"Among the items which plaintiff has charged against the county, which defendant asked the court to eliminate, but which were submitted to the jury for allowance, are one for 11 days' time,   *   *   * $165.   These charges are for time spent *before* appointment, before any relations upon which the liability of the county could be asserted had been established.   *   *   *

"In view of the purely statutory foundation for the liability asserted, *the county cannot be held liable*

*for services performed before appointment, whatever the nature of the services may be."*

In the case of *Baxter* v. *Szucs,* 248 Mich. 672, plaintiff sued to recover compensation for his services as defendant's attorney and moved for summary judgment. In his affidavit of merits defendant stated that he had paid plaintiff $470 "which reasonably [paid?] if not overpaid plaintiff for the necessary work he did in that case," and that he never agreed to pay any further sum of money. In reversing a summary judgment and holding such affidavit of merits to be sufficient, Mr. Justice FEAD said, p. 675:

"The province of the court, on motion for summary judgment, is to determine judicially whether there is an issue of fact which, if resolved in favor of defendant, would preclude a verdict for plaintiff in whole or in part of his demand. * * * This is not to be determined alone from the affidavits on motion for judgment, but from all the pleadings and files in the cause. * * *

"The affidavit was not insufficient on the ground that defendant was not a competent witness to the value of an attorney's services. * * * No one can state as a fact the value of extensive legal services. He can only give his opinion."

"This court has repeatedly held that it is improper to grant a summary judgment where there is a dispute as to the facts. In other words, a summary judgment in favor of the plaintiff may not be given unless, granting the truth of all the facts alleged in the defendant's affidavit of merits, plaintiff would still be entitled to recover." *Dempsey* v. *Langton,* 266 Mich. 47.

We conclude that defendant's affidavits of merits raised issues of fact as to the value of the services of plaintiff attorneys. Upon such issues of fact de-

fendant was entitled to adduce. evidence and to a trial upon the merits. The certificates of the judge of the common pleas court that the services were "rendered to the county" is not conclusive as to the value of such services.

The trial court erred in holding defendant's affidavits of merits to be insufficient and in granting summary judgments. The judgments for plaintiffs Laughery and Stone, trustee, are reversed and set aside. Both cases are remanded for trial upon the merits. A public question being involved, no costs are allowed.

BOYLES, C. J., and CHANDLER, NORTH, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.