PEOPLE, *ex rel.* ASSISTANT PROSECUTING ATTORNEY, *v.* ADAMS.

PEOPLE, *ex rel.* PROSECUTING ATTORNEY, *v.* ADAMS.

1. NUISANCE—ABATEMENT OF PUBLIC NUISANCE—ASSISTANT PROSE-CUTING ATTORNEY.

Assistant prosecuting attorneys are not among those enumerated in statute authorizing abatement of public nuisances by clos-ing of premises, hence such proceeding was improper by an assistant prosecuting attorney where it is not shown the prosecuting attorney was absent or under disability (CL 1948, § 49.42; § 692.251 *et seq.*)

2. SAME—ABATEMENT OF PUBLIC NUISANCE—PLAINTIFF.

Order denying dismissal of bill of complaint in first suit to abate a public nuisance by closing of premises, brought by an as-sistant prosecuting attorney, and order dismissing bill for same purpose filed in second suit by prosecuting attorney were both erroneous where the assistant was not empowered to in-stitute such proceeding while the prosecuting attorney was neither absent nor under disability (CL 1948, § 49.42; § 692.251 *et seq.*).

3. COSTS—PUBLIC QUESTION—ABATEMENT OF PUBLIC NUISANCE.

No costs are allowed on appeal to determine which of two pro-ceedings to close premises in the abatement of a public nui-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 39 Am Jur, Nuisances, § 123.
[3] 14 Am Jur, Costs, § 91.

sance should be followed, a public question being involved (CL 1948, § 692.251 *et seq.*).

Appeals from Saginaw; Sanford (Joseph F.), J., presiding. Submitted January 4, 1950. (Docket No. 27, Calendar No. 44,614.) Decided March 1, 1950.

Bill by People of the State of Michigan on relation of Donald W. Gilbert, Assistant Prosecuting Attorney, against Helen Adams and others to enjoin continuance of public nuisance. Amended motion to dismiss denied. Defendants appeal.

Bill by People of the State of Michigan on relation of Henry E. Naegely, Jr., Prosecuting Attorney, and others against Helen Adams and others to enjoin continuance of same public nuisance. Motion to dismiss granted. Plaintiffs appeal.

Both cases reversed and order entered dismissing first case and reinstating second.

*Henry E. Naegely, Jr.,* Prosecuting Attorney, and *Thomas M. Burns,* Assistant Prosecuting Attorney, for plaintiffs.

*James N. McNally (Julius C. Pliskow,* of counsel), for defendants.

BUSHNELL, J.   This matter is presented in 2 records. In 1 the defendants have appealed and in the other plaintiffs have appealed.

Donald W. Gilbert, a special assistant prosecuting attorney for Saginaw county, filed a bill on his own relation against defendants, seeking to abate a nuisance under the provisions of PA 1925, No 389, as amended, CL 1948, § 692.251 *et seq.* (Stat Ann and Stat Ann 1949 Cum Supp § 18.901 *et seq.*). A temporary injunction was issued.

Defendants appeared specially and moved to dismiss the bill of complaint, which motion was denied. It was claimed that a special assistant prosecutor had no authority to institute this action.

Prior to the hearing on the motion to dismiss, a new bill of complaint was filed on the relation of the prosecuting attorney and 2 assistant prosecuting attorneys, including the relator in the first action. Defendants again appeared specially and moved to dismiss the second bill for the reason that an action covering the same subject matter was pending. Both motions to dismiss were heard at the same time. Defendants' motion to dismiss the second bill was granted and their motion to dismiss the first bill was denied.

The court suggested but did not order the substitution of the prosecuting attorney in the first action, as permitted by statute. CL 1948, § 692.260 (Stat Ann § 18.910). Defendants' subsequent amended motion to dismiss the first action was denied.

The controlling statute enumerates those who may maintain such actions, but assistant prosecuting attorneys are not included therein. It is not claimed that the assistant prosecutor was performing the duties of the prosecutor during his absence or disability. *People* v. *Trombley,* 62 Mich 278, and CL 1948, § 49.42 (Stat Ann § 5.802).

The first action was improperly begun by the assistant prosecutor, but the second satisfied the statutory requirements.

The trial judge should have considered the original bill first, and then dismissed it. Thereafter, the second bill should not have been dismissed.

The order dismissing the second bill and the order denying the dismissal of the first bill are both vacated. The first action is dismissed and the second is reinstated.

The cause is remanded for further proceedings not inconsistent with this opinion. A public question being involved, no costs will be allowed.

Boyles, C. J., and Reid, North, Dethmers, Butzel, Carr, and Sharpe, JJ., concurred.