THE PEOPLE v. HORATIO J. HENDRYX.

| 58 | 319 |
| 115 | 22 |

*Criminal prosecutions—Private counsel.*

General counsel for a bank cannot take part in a criminal prosecution for obtaining money therefrom by false representations to its president, especially if such counsel is also acting for the bank in a civil suit involving the same subject matter. The fact that complaint was made by the president and that the counsel was not retained by him personally makes no difference.

Error to Cass. (A. J. Smith, J.)    Oct. 22.—Oct. 28.

Information for obtaining money by false pretenses. Respondent brings error.    Conviction set aside.

Attorney General *Moses Taggart* for the People.

*O. N. Hilton* and *F. J. Atwell* for respondent. Private counsel cannot take part in a criminal prosecution in the interest of his client: *Meister v. People* 31 Mich. 99; *Wellar v. People* 30 Mich. 17–24; *Sneed v. People* 38 Mich. 248; *People v. Bemis* 51 Mich. 422; *Hurd v. People* 25 Mich. 406; *Ulrich v. People* 39 Mich. 246; *People v. Hurst* 41 Mich. 328.

CHAMPLIN, J.    The information charges the respondent

with having obtained from the First National Bank of Dowagiac certain money by reason of false representations and pretenses made to Daniel Lyle, its president. The pretenses and representations are set out with great particularity, and their falsity averred, and that by means thereof he feloniously, unlawfully and designedly obtained from the First National Bank the sum of $120, with intent to cheat and defraud it thereof. The first assignment of error is based upon the action of the court in permitting Spafford Tryon to assist in prosecuting the cause, against objection made by the respondent, and in not permitting him to show that Tryon was employed by the bank and private individuals, and paid by them, to prosecute respondent, and in only permitting respondent, if he could, to show such employment of Tryon by the complaining witness, Lyle, alone.

The record discloses that at the outset of the trial, and before any evidence was introduced, the respondent objected to Spafford Tryon so appearing and prosecuting the cause, for the reason that he (Tryon) had been employed by the Bank of Dowagiac, of which the complainant was president, to do all the business of the bank generally, and then offered to show by the evidence of said Spafford Tryon and others that he was so employed and paid by the bank, and that then he was the regularly retained attorney for said bank, employed and paid by it to do its business by the year; that he had so acted for a number of years, and was then at such time the attorney of record of the bank in a civil suit, then pending in said court, involving the same matter; and that by virtue of such employment, and while acting as such attorney for the bank, drew, with his own hand, part of the original complaint against respondent, and that the second count of the same was in his handwriting. The court said: "If you claim that you can show that Mr. Tryon is employed by Mr. Lyle to prosecute this suit I will hear it, and if you show that fact I will exclude him." Counsel for respondent stated that they did not propose to show that; and the court then stated that he saw no objection to his serving. Mr. Tryon was thereupon permitted to assist in prosecuting the case to

its close ; and the respondent was convicted. Mr. Tryon was not the prosecuting attorney of the county in which the cause was tried. Neither was he procured by the prosecuting attorney to assist him, under the direction of the court, under the authority conferred by Act 195 of the Laws of 1879, p. 179. He was clearly disqualified, if respondent established the facts proposed, from assisting the prosecuting attorney under the proviso to that act, which reads as follows :

" Provided, that no person or attorney shall be employed as assistant who is interested as attorney or otherwise in any case involving the same facts or circumstances involved in said criminal suit, or who has received any compensation from any person or persons who are interested in prosecuting the party charged with said felony."

What respondent proposed to show was directly within the terms of this Act, and within repeated rulings of this Court. The action of the circuit judge was erroneous.

Without passing upon the other errors assigned, for this error the conviction must be set aside, and a new trial granted.

The other Justices concurred.