MCCURDY *v.* NEW YORK LIFE INSURANCE CO.

1. ATTORNEYS AT LAW—EMPLOYMENT—RETAINER—ESTOPPEL.

   An insurance company which forwards from the home office
   a check payable to the order of an attorney as a retainer fee
   in proceedings to be instituted, and which is kept constantly
   advised of what he does in its behalf, cannot question the fact
   of his employment.

2. SAME—PROSECUTION FOR CRIME—INTEREST OF PRIVATE PARTIES
   —PRELIMINARY PROCEEDINGS—PUBLIC POLICY.

   Public policy does not forbid the employment of an attorney by
   private parties to prepare for presentation to the prosecuting
   attorney a statement of the facts and the law applicable to
   an alleged case of embezzlement, to draft the complaint in
   justice's court, and to attend the examination of the accused,
   with a view to having him brought to justice if guilty of the
   crime charged.

3. SAME—ENTIRE CONTRACT—ILLEGAL PROVISION—ASSISTANCE IN
   PROSECUTION.

   But if the contract is entire, and contemplates the rendition not
   only of services in the preliminary proceedings, but of assist-
   ance to the prosecuting attorney in the circuit court, it is in
   contravention of 1 How. Stat. § 560, prohibiting attorneys
   who have received compensation from any person interested
   in prosecuting a person charged with felony from aiding in
   the prosecution, and no recovery can be had thereunder.

Error to Shiawassee; Smith, J.   Submitted October 8,
1897.   Decided November 17, 1897.

*Assumpsit* by John T. McCurdy against the New
York Life Insurance Company for professional services.
From a judgment for plaintiff, defendant brings error.
Reversed.

*Fitz Gerald & Barry* (*Francis A. Stace,* of counsel),
for appellant.

*John T. McCurdy, in pro. per.*

MOORE, J.   Plaintiff, a lawyer, recovered a judgment of $77 against defendant for professional services rendered in a criminal proceeding instituted by the defendant company against one of its agents for embezzlement.

A great many assignments of error are made by counsel for defendant company. So far as they relate to the proof of the employment of plaintiff by defendant, we do not think it would be profitable to discuss them, for the fact that defendant knew of and approved of the employment of plaintiff is conclusively shown by the acts of defendant company. The check of the company issued at the home office for $25, payable to the order of Mr. McCurdy, was forwarded to him as a retainer fee, and the company was kept advised of what he was doing; so that, if any testimony upon that branch of the case was improperly admitted, it was harmless error.

The record shows that the work done by Mr. McCurdy was done in preparing a presentation of the facts and the law applicable to the case, and presenting them to the prosecuting officer, conferring with the persons representing the company, drafting the complaint in justice's court, attending the examination in justice's court, drafting the information which was filed in the circuit court, resisting a motion to quash the information, and rendering such assistance in the preparation and prosecution of the case as he could render. Upon the trial, Mr. McCurdy withdrew any claim for services in the circuit court. Judgment was rendered upon the verdict, and costs were allowed to the plaintiff.

We think there is but one question necessary to discuss; that is, can a lawyer recover for professional services rendered to a corporation, in the preparation and trial of a criminal case, set in motion by the complaint of an officer of said corporation? Counsel for defendant answer this question in the negative, claiming that only the people and the respondent are interested in a criminal prosecution, and that a contract by a lawyer to render services in such a case at the employment of private parties

is against public policy and void; citing 1 How. Stat. §
560, which prohibits any prosecuting attorney from hav-
ing the assistance of any counsel "who has received any
compensation from any person or persons who are inter-
ested in prosecuting the party charged with felony," and
3 How. Stat. § 557, which provides, "Nor shall any
attorney be permitted to prosecute or aid in prosecuting
any person for an alleged criminal offense where he is
engaged or interested in any civil suit or proceeding de-
pending upon the same state of facts against such person
directly or indirectly;" and also citing *Meister* v. *People*,
31 Mich. 99; *Sneed* v. *People*, 38 Mich. 248; *People* v.
*Hurst*, 41 Mich. 328; *People* v. *Bemis*, 51 Mich. 422;
*People* v. *Hendryx*, 58 Mich. 319; *People* v. *Schick*, 75
Mich. 592.

These cases are all criminal cases, tried in the circuit
court, and undoubtedly hold that it is unlawful for an
attorney to assist in the prosecution of a criminal case,
except when he is employed by the people.   The statute
provides that the people shall be represented, in the trial
of criminal cases in the circuit court, by the prosecuting
attorney or by some one appointed by the court to assist
him, and it is made the duty of the prosecuting attorney
to appear in all such cases when not disqualified.   There
is, however, no provision of the statute which requires
the prosecuting attorney to appear in examinations in
criminal cases in justice's court except when requested to
do so by the examining magistrate.  1 How. Stat. § 552.
This examination cannot be said to be a trial, but it is an
investigation to decide whether a crime has been commit-
ted, and whether there is probable cause to believe the
accused is guilty.   It was said in *Meister* v. *People*,
*supra*: "The law never has prevented, and does not now
prevent, private complaints before magistrates, who have
a discretion in regard to calling in the prosecuting attor-
ney."   And, if Mr. McCurdy was employed by the de-
fendant to appear in justice's court, we do not think there
is anything in the statute or in the decisions of this court

that would preclude him from recovering for the services so rendered. The defendant is a corporation. It can act only through its officers and agents. If, as in this case, it has reason to suppose one of its agents is guilty of a crime, it has a right to employ an agent or attorney to investigate the facts of the case and the law applicable thereto, and to present its showing to the officers of the law, with a view to having the guilty person brought to justice. If the defendant employed plaintiff to do work of this character, and he did such work, he is entitled to recover therefor.

Mr. McCurdy could not recover for any services rendered by him which were forbidden, like assisting the prosecuting attorney in the criminal case in the circuit court. It is now claimed that the plaintiff withdrew the items for services in the circuit court, and for that reason the verdict ought not to be disturbed. It is the claim of the defendant that, if a contract was in fact made with the plaintiff, it was an entire contract, providing, not only that plaintiff should prepare the case for trial, but that he should take charge of it in the circuit court, and therefore the entire contract was void. The plaintiff contended that no such contract was made. This raised a question of fact, which should have been submitted to the jury.

The counsel for defendant, by their requests to charge, sought to have the jury pass upon its version of the contract. These requests were refused, and the jury were told: "Your duty will be to determine the extent and reasonable value of services which the plaintiff has rendered, * * * and the amount plaintiff is entitled to receive therefor," etc. We think this was error.

It will not be necessary to discuss the other questions raised in the brief.

Judgment is reversed, and a new trial granted.

The other Justices concurred.