Steve **ARMSTRONG**, Appellant,

v.

William H. **BANNAN**, Warden of the State Prison of Southern Michigan, Appellee.

No. ———.

United States Court of Appeals Sixth Circuit.

Dec. 10, 1959.

Before MILLER, CECIL and WEICK, Circuit Judges.

CECIL, Circuit Judge.

Steve Armstrong has filed in this court, applications for a certificate of probable cause, for leave to proceed in forma pauperis and for the appointment of counsel.

The applicant seeks to appeal an order of the District Court denying a writ of habeas corpus. The District Judge did not issue a certificate of probable cause and denied leave to appeal in forma pau-

peris by a certificate in writing that the appeal was not being taken in good faith.

It is provided by Section 2253, Title 28 U.S.C. that: "An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause."

Section 1915, Title 28 U.S.C. provides: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

■ It has been held where the trial judge denies a certificate of good faith, the Court of Appeals must inquire into the matter and appoint counsel to assist the petitioner in presenting the case to the court. Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

■ If there is no probable cause for the appeal, we do not get into the question of leave to appeal in forma pauperis.

The applicant was convicted of the crime of "indecent liberties" with the person of a nine year old girl in violation of Section 750.336, C.L.1948, as amended by Act 51, P.A.1954 of the Michigan statutes. This statute reads as follows: "Any person or persons over the age of 16 years, who shall assault a child under the age of 16 years, and shall take or attempt to take indecent and improper liberties with the person of such child, without committing or intending to commit the crime of rape or the crime of sodomy or gross indecency upon such child, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 10 years, or by fine of not more than $5,000.00, or if such person was at the time of the said offense a sexually delinquent person, may be punishable by imprisonment in the state prison for an indeterminate term, the minimum of which shall be 1 day and the maximum of which shall be life."

The applicant filed two papers in the District Court, one, denominated "APPLICATION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM" and the other "APPELLANT'S ALLEGATIONS". Jerry S. Cohen, Assistant Attorney General of Michigan, filed an "ANSWER OF RESPONDENT". To this answer, the applicant filed "APPELLANT'S OPPOSITION TO RESPONDENT'S ANSWER."

The trial judge took these papers as pleadings in the case, and, without a hearing, found as follows: "From a careful analysis of all the pleadings filed herein, this court concludes that the trial court had jurisdiction of the matter in the prosecution of the petitioner; that he had a fair trial; that he was convicted by a jury and that, from the time of arrest until the present, nothing has been presented that in any way constitutes a denial of any of the constitutional rights of this petitioner and, accordingly, the application for a writ of habeas corpus is herewith denied."

Undisputed or admitted facts which may be gleaned from "these pleadings" are that the applicant was tried and convicted in a state court of the crime of "indecent liberties" under a Michigan statute, in a jury trial lasting from March 12 to March 15, 1957; that he was thereupon sentenced to imprisonment from five to ten years; and that he was represented by counsel during the trial. Thereafter, on February 9, 1958, the applicant filed a writ of habeas corpus-certiorari in Wayne County Circuit Court, which was denied March 4, 1958. On October 9, 1958, he filed a delayed appeal in the Michigan Supreme Court, which was denied December 12, 1958.

On January 20, 1959, he filed for a writ of certiorari in the United States Supreme Court, which was denied March 23. Armstrong v. People of State of Michigan, 359 U.S. 950, 79 S.Ct. 736, 3 L.Ed.2d 683.

The applicant then filed his petition for a writ of habeas corpus in the United States District Court for the Eastern District of Michigan and was permitted to proceed in forma pauperis.

In order to determine whether or not there is probable cause for this appeal, we consider the nature and extent of the claims as made by the applicant himself. His first claim is:

"Appellant herein, was arrested without a warrant on Oct. 15, 1956 at approximately eight (8) P:M, in the City of Ecorse, Michigan, and held 'incomunicado' until approximately eleven (11) A:M Oct. 17, 1956; without access to friends, relatives or counsel; without arraignment or being informed of the nature and cause of the accusation against Him. In violation of the Due Process Clause of the fourteenth (14) Amendment and the Constitutional Laws of the State of Michigan."

■ Being held incommunicado without being informed of the nature of the charge, may have given the applicant some rights during this period of confinement, but it does not give him any rights to be released after a jury trial, conviction and sentence. Nowhere does he allege that the court lacked jurisdiction or that any of his federal constitutional rights were invaded during or after the trial. Nor is there any claim made that anything happened at this preliminary confinement which prejudiced him at the trial.

■ His second claim is:

"There is a total absence in the State Statute, of any Definition as to what constitutes the offense of Indecent and Improper Liberties, and the Information upon which the appellant's conviction is based; charges no offense under the Statutory Laws of the State of Michigan, though appellant is being illegally detained under same. Contrary to the Fourteenth (14) Amendment and the Constitutional Laws of Michigan."

The Supreme Court of Michigan has upheld this statute in People v. Hicks, 98 Mich. 86, at page 90, 56 N.W. 1102, 1104:

"* * * 'no particular definition is given by the statute of what constitutes this crime. The indelicacy of the subject forbids it, and does not require of the court to state what particular conduct will constitute the offense. The common sense of the community, as well as the sense of decency, propriety and morality which most people entertain, is sufficient to apply the statute to each particular case, and point out what particular conduct is rendered criminal by it.'"

Presumably the charge in the information followed the language of the statute. There is no showing in what manner it is deficient. The applicant had a lawyer and it is inconceivable that during a three day trial he didn't know the nature of the charge.

■ His third claim is:

"The circumstances and alleged facts which, in essence, caused the prosecution and conviction of said appellant, was and is Void and Unconstitutional under the Fourteenth (14) Amendment and the Michigan Constitution."

By this claim, the applicant seems to raise a factual question. The function of a habeas corpus proceeding is not to review the facts of a case unless it appears that a constitutional right was denied. There is no specific charge of a constitutional violation. To say that the facts are void under the Constitution, makes no claim at all. "True, *habeas corpus* cannot be used as a means of reviewing errors of law and irregularities—not involving the question of jurisdiction—occurring during the course of trial; and the 'writ of *habeas corpus* cannot be used as a writ of error.'"

Johnson v. Zerbst, supra [304 U.S. 458, 58 S.Ct. 1023].

█ The fourth claim is:

"Said appellant, was arraigned and examined without the aid of Counsel or being told of His Constitutional right to be represented by counsel at all times after having been arrested. In violation of the Due Process Clause of the Fourteenth (14) Amendment and the Constitution of Michigan."

This, like the first claim, does not show that he was prejudiced in any way by not being represented by counsel between the time of his arrest and his trial. There is no claim that any confession was extorted or that anything occurred which prejudiced the applicant at the time of his trial. In People v. Podolski, 332 Mich. 508, at page 518, 52 N.W.2d 201, 205, the court said:

"* * * Defendant in his brief says that he was not represented by an attorney on the preliminary examination, but makes no argument that he was thereby deprived of due process. Representation on preliminary examination is permissible, not mandatory. The examination cannot be said to be a trial, but it is an investigation to decide whether a crime has been committed and whether there is probable cause to believe the accused is guilty. McCurdy v. New York Life Ins. Co., 115 Mich. 20, 22, 72 N.W. 996."

The applicant does say in his "opposition to respondent's answer" as follows:

"I Steve Armstrong, appellant herein, did make a statement to one Mr. Conrad Swearingin, a detective of the Ecorse, Mich., Police Department, between the time of my arrest and arraignment, which was not a confession of guilt but an admission of specific facts. Nevertheless, the prosecution in said cause demanded that a portion of said statement be read to the jury, to which Mr. Swearingin obliged, and the rec-

ords in said cause will verify same * * * ."

There is nothing to show that this was in any way prejudicial or that the information was not freely given.

█ We, as Circuit Judges individually and as a Court, conclude that in taking the most favorable view of the applicant's claims, he does not make out a case sufficient to warrant issuance of a writ of habeas corpus. For this reason we deny a certificate of probable cause for an appeal.