## The People v. Frederick W. Griswold.

*Criminal Law—Warrant—Jurisdiction of justice of the peace—Larceny—Intent.*

1. How. Stat. § 7135 *a*, making it unlawful for justices of the peace to issue warrants in certain criminal cases without the order of the prosecuting attorney or the filing of security for costs, was not intended to limit the jurisdiction of such officers in criminal cases, but its object was to guard against the indiscretion, frequently indulged in by magistrates, in permitting legal proceedings to be instituted without previous inquiries into the circumstances surrounding the case.

2. While a failure to follow the statute might subject the magistrate to censure, and possibly, in some cases, to pecuniary injury, it is not a question in which the respondent is especially interested, and, if the people are satisfied to prosecute without such security, there is no reason why he should complain.

3. On the trial of a respondent for the larceny of a bottle of brandy and $2.75 in money, the testimony for the people tended to show that respondent ordered the brandy sent to a certain house for a specified person, with change for $5, which was done, and the messenger, a boy 12 years old, returned with a receipt for $10. He testified that, before reaching the house, he met respondent, who took the money and brandy, and gave him the receipt, telling him he would carry the "goods" himself. A bottle of brandy of the same description was subsequently found in respondent's room.

    *Held*, that there was sufficient evidence on which to submit the question of *intent* to the jury, and, if found to exist, the taking from the boy, under the circumstances stated, and the carrying away of the property by respondent, were sufficient to constitute larceny.

Error to Wayne. (Chambers, J.)   Argued January 27, 1887.   Decided February 3, 1887.

Respondent was convicted of larceny. Conviction affirmed. The facts are stated in the opinion.

*James H. Pound,* for respondent:

If the owner deliver the goods, there can be no larceny, however fraudulent the means used to secure such delivery: *Mowrey v. Walsh,* 8 Cowen, 242; *Ross v. People,* 5 Hill, 294; *Cary v. Hotailing,* 1 Id. 311, 315.

*Moses Taggart,* Attorney General, for the People:

The evidence was ample to justify the verdict: *Com. v. Wilde,* 5 Gray, 83; *People v. Shaw,* 57 Mich. 403; 2 Russ. Crimes, 224, 226; *Com. v. Barry,* 124 Mass. 325; *Smith v. People,* 53 N. Y. 111; *Loomis v. People,* 67 Id. 322.

SHERWOOD, J.   The respondent was prosecuted and convicted in the police court in the city of Detroit for stealing $2.75 and a bottle of brandy, and the judgment was affirmed on *certiorari* in the Wayne county circuit court.   The case is brought into this Court by writ of error.   The respondent was found guilty on a trial had by jury in the police court.

But two questions require consideration in this case.   First, was it necessary that the prosecuting attorney should have authorized this prosecution, or that the complaining witness should have given security for costs?   How. Stat. § 7135 *a,* was not intended to limit or curtail the jurisdiction of justices of the peace in criminal cases.   The object sought to be accomplished by that statute was to guard against the indiscretion, frequently indulged in by magistrates, in permitting legal proceedings to be instituted against parties for crime without any previous inquiry into the circumstances. While an omission to secure an order from the prosecuting attorney before issuing process in criminal cases might subject the magistrate to censure, and possibly, in some cases, to pecuniary injury and official embarrassment, it was never intended to deprive the court of jurisdiction in any case ; and whether the complaining party has given to the people security for costs in the case is a subject in which the respondent is not especially interested, and, if the people are satisfied to prosecute without such security, there is no reason why he should complain.   The prosecuting attorney appeared and

prosecuted the respondent before the police court, which is certainly sufficient approval by him.

The second question suggested for our consideration is whether there was or was not sufficient testimony to allow the case to go to the jury. Upon this question we have no doubt the police justice ruled correctly.

At the close of the trial before the police court, counsel asked for the respondent's discharge on the ground that the people's testimony did not make out a case against him.

The police justice in his return says that upon the trial John Kestel was sworn, and testified that he was the ¡roprietor of a drug store at Detroit, and that on the fifth day of July, at about 12 o'clock, respondent came to his place and asked for brandy, and told him to send a quart to Mrs. Howard's, 690 Cass avenue, and with it change for $5; that, by reason of such request, witness sent a boy with the brandy and change, who shortly returned with a receipt reading as follows:

"June 27, 1886.
"Received from Nat'l Bank, ten dollars.
"$10.                            G. YORK."
Indorsed on back, "G. York."

Hedges, the boy sent with the brandy and money, testified that he was 12 years of age, and was asked by Kestel to go on an errand, in the presence of a man in the store whom he positively identifies as respondent, and as the man who wanted the brandy sent to 690 Cass avenue. This witness also testifies that, before he reached Cass avenue, respondent met him and told him the place to go was on Second avenue, and together they started for that street, and, before reaching it, he told witness he would carry the "goods" himself; that thereupon witness gave respondent the brandy and money, and took from him the receipt before mentioned, which he delivered to his employer.

A bottle of brandy of the same description as that taken

from the boy was subsequently found at respondent's room in the hotel.

If the felonious intent existed, the taking from the boy, under the circumstances, and the carrying away of the property by the respondent, were sufficient. We think there was sufficient evidence of facts and circumstances shown to submit the question of intent to the jury.

The leading question put to the witness Hedges, for the purpose of identifying the respondent, was relevant and competent, and its leading character, while objectionable, was not, in view of the testimony given by the same witness previously upon that subject, erroneous.

The judgment below must be affirmed.

The other Justices concurred.