*In re* ROGERS.

1. CRIMINAL LAW—GRAND LARCENY.
   In point of law the term "grand larceny," as used in common parlance, is unknown.

2. SAME—COURT JOURNAL—COMMITMENT PAPERS—CORRECTION OF MINISTERIAL ERRORS.
   Ministerial errors in court journal and commitment papers which should and could have been corrected by the circuit court had they been seasonably brought to its attention may be corrected pursuant to direction of Supreme Court under its constitutional power and by order *nunc pro tunc* the record made to speak the judicial determination of the conviction and grounds for sentence imposed.

3. SAME—HABITUAL OFFENDER.
   Charge of two previous felonies and imprisonment upon plea of guilty to crime of breaking and entering in the nighttime with intent to commit larceny authorized court, in imposing sentence, to consider defendant a third offender and subject to imprisonment for term of 15 to 30 years (3 Comp. Laws 1929, §§ 16948, 17339).

Habeas corpus by Harold Rogers with accompanying certiorari to Huron Circuit Judge to inquire into his detention by Warden of State Prison of Southern Michigan. Submitted February 15, 1944. (Calendar No. 42,600.) Writs dismissed April 3, 1944.

*James A. Jameson,* for petitioner.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, for the people.

WIEST, J. Petitioner is confined in the State prison at Jackson and seeks release by habeas corpus on the alleged ground that he was convicted of the crime of larceny, in the circuit court for the county of Huron, in November, 1930, and sentenced to the State prison at Jackson for a period of not exceeding 30 years and not less than 15 years; that the penalty for such offense could not exceed 5 years and he has been in prison under such sentence $12\frac{1}{2}$ years.

We issued the writ to inquire into the matter and also an ancillary writ of certiorari to bring before us the record of his conviction and sentence in the circuit court.

The information in the circuit court charged petitioner with the crime of breaking and entering, in the nighttime, designated premises of others and stealing and carrying away therefrom specified personal property; that he had been previously convicted of a felony in the State of Nebraska and, under sentence there, had been in prison more than one year and had also been convicted of a felony in this State and, under sentence, had been imprisoned upward of one year. The charge, in the information, of breaking and entering buildings of others in the nighttime and committing larceny therein was laid under the statute, 3 Comp. Laws 1929, § 16948, and upon conviction, if a first offender, carried a penalty of imprisonment of not more than 15 years.

Upon arraignment, petitioner pleaded guilty to the charges and former convictions but in the journal of the court he was recorded as guilty of "grand larceny" and so sentenced. In common parlance the term "grand larceny" may have a meaning but in point of law it is unknown by such term. Had this error in nomenclature been seasonably brought to the attention of the circuit court the proper cor-

rection should and could have been made but, inasmuch as petitioner now presents the matter as a ground for his release, it is not too late to permit the record to be made to speak the truth. The writ of certiorari has brought before us the proceedings in the circuit court and under our constitutional power, it being apparent that the errors in the court journal and the commitment of sentence are ministerial, the record is remanded to the circuit court with direction to make the same, *nunc pro tunc,* speak the judicial determination relative to the conviction and the grounds for the sentence imposed and a supplemental commitment issued and forwarded to the warden of the State prison at Jackson.

The mentioned charge in the information of two previous felonies and imprisonment of petitioner, upon his plea of guilty, authorized the court, in imposing sentence, to consider petitioner a third offender, and subject to the imprisonment imposed. Act No. 175, chap. 9, § 11, Pub. Acts 1927, as amended by Act No. 24, Pub. Acts 1929 (3 Comp. Laws 1929, § 17339 [Stat. Ann. § 28.1083]).

Petitioner's application for release is denied.

NORTH, C. J., and STARR, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.