1. CRIMINAL LAW—COURT JOURNAL—COMMITMENT PAPERS—CORRECTION OF MINISTERIAL ERRORS.

Ministerial errors in court journal and commitment papers may be corrected pursuant to direction of the Supreme Court under its constitutional power and, by order *nunc pro tunc,* the record made to speak the judicial determination relative to the conviction and grounds for sentence imposed.

2. SAME—CORRECTION OF COURT JOURNAL AND COMMITMENT PAPERS.

Where record in habeas corpus proceeding and ancillary writ of certiorari shows that, under information, charge of the

court and verdict of the jury, petitioner was convicted of the offense of ''assault with intent to commit robbery while armed with a dangerous weapon'' but journal entry of sentence and warrant for removal to prison recite he had been convicted of ''attempted robbery armed,'' record is remanded to circuit court for proper correction of journal and issuance of supplemental commitment (3 Comp. Laws 1929, §§ 16723, 17342).

Habeas corpus proceeding by Charles Gray with accompanying certiorari to Genesee circuit judge to inquire into his detention by Warden of State Prison of Southern Michigan. Submitted April 27, 1944. (Calendar No. 42,676.) Release denied June 5, 1944.

*Charles Gray, in pro. per.*

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Daniel J. O'Hara,* Assistant Attorney General, *John L. Roach,* Prosecuting Attorney, and *Leon A. S. Seidel,* Assistant Prosecuting Attorney, for the people.

Sharpe, J. Petitioner, Charles Gray, is confined in the State prison at Jackson, and seeks release by habeas corpus upon the theory that he was found guilty of ''attempted robbery armed,'' which crime is punishable by imprisonment in the State prison ''not more than five years, or in the county jail not more than one year,'' as was provided by 3 Comp. Laws 1929, § 17342; that he was illegally sentenced to serve a term of not less than 20 years, nor more than 35 years; and that the sentence which could have been legally imposed expired on November 21, 1935.

We issued the writ to inquire into the matter, and also an ancillary writ of certiorari to bring before us

the record of his conviction and sentence in the circuit court.

The information in the circuit court charged petitioner and one Guy Dennis, "on or about the 29th day of September, 1930, at the city of Flint, in said Genesee county, being then and there armed with a certain dangerous weapon, to wit: a revolver, in and upon one Joseph Henderson, in the peace of the people of the State of Michigan, then and there being, feloniously did make an assault, with intent the moneys, goods and chattels of the said Joseph Henderson, from the person and against the will of the said Joseph Henderson, then and there feloniously and violently to rob, steal, take and carry away."

On November 3, 1930, petitioner and Guy Dennis pleaded not guilty to the information. The cause came on for trial and at the completion of all testimony the trial court charged the jury as follows:

"Charles Gray, the defendant here, is charged as follows: On or about the 29th day of September, in the year 1930, at the city of Flint, in said Genesee county, being then and there armed with a certain dangerous weapon, to wit a revolver, in and upon one Joseph Henderson, in the peace of the people of the State of Michigan, then and there being, feloniously did make an assault with intent the moneys, goods and chattels of the said Joseph Henderson, from the person and against the will of the said Joseph Henderson, then and there feloniously and violently to rob, steal, take and carry away."

The jury returned a verdict of guilty as charged in the information, and on November 21, 1930, the trial judge pronounced sentence of 20 to 35 years, without recommendation. However, the journal entry of judgment or sentence and the warrant for

removal of the petitioner to State prison recite that Charles Gray, impleaded with Guy Dennis, has lately been "duly convicted of the crime of *attempted robbery armed.*"

The record does not sustain the claim of petitioner that he was found guilty of "attempted robbery armed." The information, charge of the court, and verdict of the jury clearly show that petitioner was convicted of the offense of "assault with intent to commit robbery while armed with a dangerous weapon." At the time petitioner was sentenced he could have been punished by imprisonment in the State prison for life or any number of years, by virtue of 3 Comp. Laws 1929, § 16723.

In *Re Rogers,* 308 Mich. 392, defendant pleaded guilty to the charge of breaking and entering in the nighttime designated premises, and stealing personal property. The journal entry of the court recorded him guilty of "grand larceny," but sentence was pronounced upon the charge laid in the information. We there said:

"The writ of certiorari has brought before us the proceedings in the circuit court and under our constitutional power, it being apparent that the errors in the court journal and the commitment of sentence are ministerial, the record is remanded to the circuit court with direction to make the same, *nunc pro tunc,* speak the judicial determination relative to the conviction and the grounds for the sentence imposed and a supplemental commitment issued and forwarded to the warden of the State prison at Jackson."

In the case at bar the entry in the court journal and the commitment do not conform to the true facts, and under the authority of *In re Rogers, supra,* the

record is remanded to the circuit court for proper correction of the journal. A supplemental commitment should be issued and forwarded to the warden of the State prison at Jackson.

Petitioner's application for release is denied.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSHNELL, BOYLES, and REID, JJ., concurred.