### PEOPLE v. PELKY.

1. CRIMINAL LAW—ISSUANCE OF WARRANT—PROSECUTOR'S APPROVAL.
   A justice of the peace shall not issue warrants in criminal cases until an order in writing allowing the same is filed and signed by the prosecuting attorney (CL 1948, § 764.1; CLS 1961, § 774.4 as amended by PA 1965, No 307).

2. SAME—ISSUANCE OF WARRANT—PROSECUTOR'S PARTICIPATION.
   Prosecutor's participation in prewarrant proceedings, in dictating the language to be employed in the preparation of the complaint and warrant to the issuing magistrate, reviewing the form of complaint and warrant after their preparation, and instructing the sheriff to appear before the magistrate to sign the complaint *held*, to signify in writing the prosecutor's approval of the issuance of the warrant as required by statute, in a prosecution for breaking and entering an unoccupied dwelling with intent to commit larceny therein (CL 1948, §§ 750.110, 764.1; CLS 1961, § 774.4 as amended by PA 1965, No 307).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 31 Am Jur, Justices of the Peace § 22.
[2] 5 Am Jur 2d, Arrest §§ 12–16; 21 Am Jur 2d, Criminal Law §§ 440, 441; 31 Am Jur, Justices of the Peace § 22.

Appeal from Benzie; Peterson (William R.), J.
Submitted Division 3 April 4, 1967, at Grand Rapids.
(Docket No. 2,161.)   Decided November 8, 1967.

Franklin J. Pelky was arraigned on an informa-
tion charging breaking and entering an unoccupied
dwelling with intent to commit larceny therein. De-
fendant's motion to dismiss denied. Defendant ap-
peals by leave granted. Affirmed, and remanded
for trial.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General and *John B. Daugher-
ty,* Prosecuting Attorney, for the people.

*Donald G. Jennings,* for defendant.

BURNS, P. J.   On November 10, 1965, the prosecut-
ing attorney for Benzie county filed a written au-
thorization with the justice of the peace for Ben-
zonia township for the issuance of a warrant to
arrest the defendant. The sheriff of said county
made a written complaint charging the defendant
with breaking and entering a cottage with intent
to commit larceny therein, allegedly contrary to CL
1948, § 750.110, as amended by PA 1964, No 133 (Stat
Ann 1965 Cum Supp § 28.305). Defendant was ar-
rested and appeared a number of times before the
Benzie county circuit court and the Benzonia town-
ship magistrate. On January 17, 1966, a motion by
the defendant to dismiss the case and quash the war-
rant and information on jurisdictional grounds was
granted by the circuit court.

The same day the prosecuting attorney instructed
the township magistrate to prepare a new complaint
and warrant charging the defendant with breaking
and entering an unoccupied dwelling with intent to

commit larceny therein. (See statutory reference above.) The prosecuting attorney *dictated* the language to be employed in the preparation of the complaint and warrant, *reviewed* the form of the complaint and warrant after their preparation by the justice of the peace and instructed the sheriff to appear before the magistrate to sign the complaint. The sheriff signed the complaint, and thereafter, on January 17, 1966, a new warrant for defendant's arrest was issued. No signed written authorization from the prosecutor for the second warrant was filed until March 15, 1966, subsequent to the preliminary examination.

At arraignment in circuit court on March 23, 1966, defendant's counsel made a motion to dismiss because the prosecuting attorney had failed to file a timely written and signed order for the issuance of a warrant as required by CLS 1961, § 774.4, as amended by PA 1965, No 307 (Stat Ann 1965 Cum Supp § 28.1195). The circuit court denied the motion, and on July 14, 1966, before the case progressed to trial, we assumed jurisdiction by granting defendant's application for leave to appeal.

The question before us has recently been presented to the Supreme Court of Michigan in *People* v. *Carter* (1967), 379 Mich 24: Did the prosecutor's participation in the proceedings prior to the issuance of a warrant satisfy the requirements of CL 1948, § 764.1 (Stat Ann 1954 Rev § 28.860)? While the section of the code of criminal procedure under consideration in *Carter, supra,* is different from the section upon which defendant Pelky relies, the relevant and controlling language of those sections as applied to this case is identical, *i.e.,* a justice of the peace shall not issue warrants in criminal cases "until an order in writing allowing the same is filed" and "signed by the prosecuting attorney."

In the *Carter Case, supra,* the Court held that the purpose of the statute in question had been met when the prosecuting attorney prepared the complaint and filed the same with the justice of the peace, thereby *signifying his written approval* of the issuance of a warrant. The Court stated on page 30:

"The statute does not specify the form of 'order in writing' which the prosecuting attorney is to file for issuance of warrants. The preparation of a complaint by a prosecuting attorney and the filing of the same by him with the magistrate fulfills all of the purposes of the statute. The complaint is in writing, it can be prepared only after consideration of the nature of the charged offense, it does provide orderly procedure and it does guard against indiscretion by magistrates acting without the benefit of direction from the prosecuting attorney.

"The purpose of the statute having been met and the requirement of the law being that the statute be liberally construed, we find no error."

The prosecutor's participation in the prewarrant proceedings in the case at hand clearly signified in writing his approval of the issuance of the warrant. The order denying defendant's motion to dismiss is affirmed.

Remanded for trial.

HOLBROOK and RYAN, JJ., concurred.