PEOPLE *v.* DuBOIS.

1. CRIMINAL LAW—AUTHORIZATION OF WARRANT—PREPARATION OF COMPLAINT—PROSECUTING ATTORNEY.

The preparation of a complaint by a prosecuting attorney and the filing of it by him with a magistrate fulfills all the purposes of the statute requiring an "order in writing" to be filed with the magistrate by the prosecuting attorney before the magistrate may issue warrants in criminal cases not cognizable by him, even though not signed by the prosecuting attorney (CL 1948, § 764.1).

2. SAME—MURDER—AUTHORIZATION OF WARRANT—PREPARATION OF COMPLAINT—PROSECUTING ATTORNEY.

Absence of a written order by the prosecutor authorizing issuance of a warrant charging murder *held,* not reversible error in case where the prosecutor prepared the complaint and warrant, and the warrant was signed by the justice of the peace in the prosecutor's presence (CL 1948, §§ 750.317, 764.1).

3. SAME—SANITY COMMISSION—CONSTITUTIONAL LAW—RIGHT OF CONFRONTATION OF WITNESSES.

Cross-examination of a medical doctor, one member of a 3-man sanity commission, by asking him whether another member of the sanity commission disagreed with his expressed opinion that the defendant, charged with murder, was insane at the time of shooting *held,* not error in case where objection was made by counsel for defendant, before the question on cross-examination was answered, the objection withdrawn, and defendant's attorney on redirect examination questioned the witness about the other doctor's opposing theory of defendant's sanity.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Arrest §§ 7, 8, 10, 12, 13, 15.
[3] 53 Am Jur, Trial §§ 143, 144.
[4] 53 Am Jur, Trial §§ 1122, 1123, 1125.
[5] 21 Am Jur 2d, Criminal Law §§ 45, 48, 52, 53.
[6] 21 Am Jur 2d, Criminal Law §§ 50, 52, 53.

4. SAME—SANITY REPORT—READING BY TRIAL JUDGE—TRIAL WITHOUT JURY.

Reading by trial judge of entire sanity commission report, in nonjury trial for murder, *held,* not error, where reading of the entire report was necessary for the trial judge to determine the threshold question of defendant's mental ability to stand trial, and the report had been admitted into evidence by stipulation of the parties without any limitations being placed on its use (CL 1948, § 750.317).

5. SAME—SANITY—OPINION EVIDENCE—PSYCHIATRIST.

Opinion of defendant's psychiatrist witness in trial for murder, that defendant was insane when he committed the murder, did not have to be accepted by trial judge when it was inconsistent with other facts and proofs.

6. SAME—SANITY—FINDING—EVIDENCE.

Evidence presented in nonjury prosecution for murder of defendant's father-in-law *held,* sufficient to sustain trial judge's finding the defendant legally sane (CL 1948, § 750.317).

Appeal from Schoolcraft; Baldwin (George S.), J. Submitted Division 3 June 7, 1967, at Grand Rapids. (Docket No. 2,415.) Decided December 5, 1967. Leave to appeal denied April 24, 1968. See 380 Mich 767.

Gerald R. DuBois was convicted of second-degree murder. Defendant takes delayed appeal on leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *George E. Mason,* Assistant Attorney General, for the people.

*Francis B. Criqui,* for defendant.

BURNS, J. A trial court, sitting without a jury, found the defendant guilty of second-degree murder[1] for shooting and killing his father-in-law, one Russell McManus, with a .22 calibre automatic pistol.

---

[1] CL 1948, § 750.317 (Stat Ann 1954 Rev § 28.549).

The prosecutor did not authorize the justice of the peace by any written order to issue the warrant, but he personally had prepared the complaint and warrant, which was signed by the justice of the peace in the prosecutor's presence. A 3-doctor sanity commission, which was impanelled at defendant's request, determined that defendant was sane and able to assist in his defense.

Defendant raises several issues:

1. May a justice of the peace issue a warrant in a felony case without written order from the prosecutor allowing such issuance?

2. Was defendant's constitutional right of confrontation[2] violated when the court permitted the prosecutor to question, on cross-examination, one member of the sanity commission who appeared as a defense witness concerning opinions of other members of the commission regarding defendant's mental responsibility?

3. Was it prejudicial error for the court, acting as the trier of the facts as well as the law, to read the complete report of the sanity commission rather than just the finding of said commission as to the ability of defendant to stand trial?

With regard to the first issue, CL 1948, § 764.1 (Stat Ann 1954 Rev § 28.860) provides that it shall not be lawful for justices of the peace to issue warrants in certain criminal cases until an order in writing allowing the same is filed and signed by the prosecuting attorney. The Supreme Court has recently interpreted this statute in *People* v. *Carter* (1967) 379 Mich 24, which this Court has followed in *People* v. *Pelky* (1967), 8 Mich App 85. On page 30 of the *Carter Case,* the Court said:

_____

[2] US Const, Am 6; Const 1963, art 1, § 20.

"The preparation of a complaint by a prosecuting attorney and the filing of the same by him with the magistrate fulfills all of the purposes of the statute."

The absence of a written order in the case at bar does not constitute reversible error since the prosecutor took the same precautions as are set forth in the *Carter Case, supra.*

The second issue was never properly before the trial court. On direct examination Dr. Lass, a member of the 3-man sanity commission, testified that he believed the defendant was insane at the time of the shooting. On cross-examination by the prosecuting attorney, Dr. Lass was asked if Dr. Purmort, another member of the sanity commission, disagreed with Dr. Lass on his diagnosis. Defendant's attorney withdrew his objection saying,

"If Mr. Sheahan [the prosecuting attorney] wishes to ask the doctor about Dr. Purmort and Dr. Thompson and bring out from him what those doctors feel I have no objection to that."

In fact, defendant's attorney on redirect examination questioned Dr. Lass about Dr. Purmort's opposing theory of defendant's sanity. In any event, it is difficult to find any prejudice on this record since the sanity report itself was admitted into evidence upon stipulation in open court.

It was not error for the court to read the entire sanity report when such a reading was necessary to determine the threshold question of defendant's mental ability to stand trial. Both parties agreed to admit the sanity report into evidence, and neither party placed any limits on this stipulation. The trial judge found as a matter of fact that the defendant was sane at the time the crime was committed.

The trial judge was not bound to accept the opinion of the defendant's psychiatrist when inconsistent with other facts and proofs. *People* v. *Wingeart*

(1963), 371 Mich 264. Upon a review of the record there was sufficient evidence for the trial judge, sitting as the trier of the facts, to find the defendant legally sane.

The judgment of the trial court is affirmed.

HOLBROOK, P. J., and WISE, J., concurred.