**Charles E. GLANCY, Plaintiff,**

v.

**PAROLE BOARD OF the MICHIGAN DEPARTMENT OF CORRECTIONS et al., Defendants.**

**Civ. A. No. 31607.**

United States District Court
E. D. Michigan,
Southern Division.

Nov. 22, 1968.

Charles E. Glancy, in pro per.

William J. Mullaney, Asst. Atty. Gen., Lansing, Mich., for defendants.

## OPINION

FOX, District Judge.

This is a habeas corpus proceeding brought pursuant to 28 U.S.C. § 2243. Petitioner is contesting his 1965 plea of guilty to larceny in a building and subsequent imprisonment. He has exhausted his state appellate and habeas corpus remedies as required by 28 U.S.C. § 2254.

Petitioner's first contention is that, contrary to Michigan statute, the prosecuting attorney for the County of Wayne failed to sign his arrest warrant, and, therefore, under the recent case of People v. Carter, 379 Mich. 24, 148 N.

W.2d 860 (1967), the Highland Park Municipal Court did not have jurisdiction to issue the arrest warrant. This contention is based on the argument that only the elected prosecuting attorney has authority to sign such an order and the signature of an assistant is invalid.

With several exceptions not applicable to the case at bar, Mich.Comp.L.Ann. § 764.1 permits various public officials to issue warrants for arrest. However, it is not lawful "to issue warrants in any criminal cases * * * until an order in writing allowing the same is filed with such public officials and signed by the prosecuting attorney for the county * * *." See also to the same effect Mich.Comp.L.Ann. § 774.4.

In People v. Holbrook, 373 Mich. 94, 128 N.W.2d 484 (1964), the Michigan Supreme Court held that a justice of the peace had no jurisdiction to issue a warrant when the prosecuting attorney failed to sign a written order for such warrant. The verdict and sentence were reversed and vacated and the defendant discharged. In taking its jurisdictional stance, the majority (5–3) overruled People v. Griswold, 64 Mich. 722, 31 N. W. 809 (1887), which held to the contrary.

Although the court decided that the *signature* of the prosecuting attorney on an order for a warrant was a *sine qua non* to confer jurisdiction on a public official to issue a warrant, the Michigan courts have broadly construed the terms "signature" and "order." In People v. Carter, supra, although no order in writing for the issuance of a warrant was filed by the prosecuting attorney, he did participate in the preparation of the complaint which was filed with the justice who subsequently issued the warrant. The court held that the justice had jurisdiction because, unlike either Holbrook or Griswold, supra, the prosecuting attorney in Carter participated in the proceedings *before* the decision to issue the warrant was made. Therefore, reasoned the majority, the signed complaint was a sufficient "order" within

the meaning of the statute. The crucial question under the Carter court's rationale, then, is whether or not the prosecuting attorney has participated in the proceedings before the warrant is issued.

The Michigan Court of Appeals recently held that the statutory mandate of a "signed" order was satisfied by a prosecuting attorney who, prior to issuance of the warrant, instructed the township *magistrate* to prepare a complaint and warrant, dictated the language, reviewed their form and instructed the *sheriff* to appear before the magistrate and sign the complaint. The court decided that the prosecutor's participation "clearly signified in writing his approval of the issuance of the warrant" within the Carter rationale. People v. Pelky, 8 Mich.App. 85, 153 N.W.2d 672, 674 (1967).

The precise issue in the case at bar is whether the Highland Park Municipal Court had jurisdiction to issue a warrant for the arrest of petitioner based upon a recommendation signed by an assistant prosecuting attorney in charge of Wayne County's Out-County Division.

Mich.Comp.L.Ann. § 49.41 provides for the appointment of assistant prosecuting attorneys by the prosecuting attorney. These assistants are empowered to:

"* * * perform any and all duties pertaining to the office of prosecuting attorney at such time or times as he may be required so to do by the prosecuting attorney and during the absence or disability from any cause of the prosecuting attorney, * * *."

The statute permits an assistant to perform the duties of the prosecuting attorney only when two conditions are met: (1) the assistant must be required to perform the duty, and (2) the prosecuting attorney must be absent or disabled from any cause.

Therefore, the issue of whether the recommendation signed by an assistant is a properly signed order is dependent upon the question of whether the assistant was authorized to act for the prosecuting attorney in the instant case.

There is no positive proof that the signer, John A. Mowatt, was without authority to sign the recommendation to issue a warrant for the petitioner. Further, the prevalent practice in populous counties to permit assistant prosecuting attorneys to sign recommendations, and even informations, is widely known. There is also a presumption that an administrative officer acts regularly and within the scope of his required duties. There has been no showing that Assistant Mowatt lacked the authority to sign the recommendation. The Michigan Supreme Court long ago established that an assistant prosecuting attorney could institute process:

"The assistant prosecuting attorney, before he enters upon the duties of his office, takes the constitutional oath, and there is no good reason why he should not be empowered to draw, sign, verify, and file informations in the absence, sickness, or disability of his superior. If he can assist in the prosecution of an offender against the laws of the state to such an extent as in reality to manage and control the case, which power has never been doubted, there can be no reasonable or tenable objection to his instituting the process, in the first place, by which the accused is brought into and before the court." People v. Trombley, 62 Mich. 278, 279, 28 N.W. 837, 838 (1886).

Granting, then, that an assistant can be required to sign an order under the statutory authority providing for such assistants, and assuming a duty to do so in the instant case, a question remains as to whether the prosecuting attorney was absent or disabled from the proceeding.

The sheer volume of actions which flow through a metropolitan county's prosecutor's office makes it physically impossible for the elected prosecuting attorney to personally sign every recommendation or information. The President's Commission on Law Enforcement

and Administration of Justice clearly illustrates this fact in its Task Force Report: THE COURTS in its analysis of the Wayne County Prosecutor's office:

"Cases sent by the police department to the prosecutor's office are initially reviewed by one of several young assistants assigned to perform that function. * * * The assistant's decision whether or not to recommend a warrant is reviewed by a senior assistant." Id. at 132.

In 1965 alone, over 46,000 arrests were made for local nontraffic offenses, of which almost 28,000 were prosecuted. Id. at 130.

Mr. Murphy, an assistant prosecuting attorney in Wayne County for nine years and presently a state assistant attorney general, testified at a hearing on this matter held October 8, 1968, that Mr. Mowatt, now deceased, was required to issue recommendations and that he had some thirty years' experience in the issuance of such recommendations. He also testified that the signature on the order for issuing a warrant for the arrest of the petitioner was in fact the signature of Mr. Mowatt. Reading the statutory requirements of absence or disability in the context of efficient prosecution leads to the conclusion that neither the Michigan Legislature nor the decisions of the Michigan Supreme Court require the elected prosecuting attorney alone to issue every recommendation or information. Such a task would be physically impossible for one man.

The purpose of the statutory requirement that a signed order be issued by the prosecuting attorney is, in the words of the Carter court, "to require the prosecuting attorney to pass upon the issuance of a warrant *before the warrant is issued.*" Carter, supra, 379 Mich. at 30, 148 N.W.2d at 862.

■ In the case at bar, an assistant prosecuting attorney has issued a valid recommendation pursuant to statutory authority. A contention that only the prosecuting attorney could perform this act flys in the face of common sense.

The prosecuting attorney, through his assistant, has participated in the proceedings before the issuance of the warrant as required by the Michigan Supreme Court in Carter.

Petitioner also asserts that his preliminary examination was conducted "ex parte" and a Return of Examination was made as a result.

Careful reading of the Return of Examination, however, discloses that:

"the said accused person thereupon expressly waived an examination before me the said Municipal Judge in regard to the said offense so charged against him * * *."

The "ex parte" examination referred to by petitioner is apparently the examination upon which issuance of the warrant was based, dated May 14, 1965, and not the Return on Examination dated May 21, 1965.

Petitioner next asserts that he specifically asked his court appointed counsel at the arraignment on the information to make a motion to remand the case from circuit court to the municipal court for a preliminary examination. However, he asserts, counsel informed him that such a motion could not then be made—advice which clearly conflicts with Mich.Comp.L.Ann. § 767.42.

■ At his arraignment on the information, petitioner at first entered a plea of not guilty to the charge of breaking and entering a store. However, he subsequently entered a plea of guilty to the charge of larceny in a building which was accepted by the court. Michigan has historically held, without exception, that a defendant, who voluntarily enters a plea of guilty or not guilty after proper arraignment in a *circuit court*, cannot question the prior proceedings before the examining magistrate, nor even complain that there had been no examination. People v. Tate, 315 Mich. 76, 79–80, 23 N.W.2d 211, 213 (1946). And see Crockett v. Haskins, 372 F.2d 475, Nov. 17, 1966, 6th Cir.

■ Even assuming *arguendo* the procedural defects asserted by petition-

er, his voluntary entry of a plea at his arraignment on the information precludes him from raising these alleged errors here on habeas corpus.

Petitioner further asserts that he pleaded guilty to the crime of "larceny FROM a building" and that the plea docketed was denominated "larceny IN a building"—a felony under Michigan law. Petitioner concludes that he could not be sentenced as a felon because Michigan does not have a felony statute for "larceny FROM a building" nor is such act a felony at common law.

The error here is only a ministerial error at most. In re Rogers, 308 Mich. 392, 13 N.W.2d 862, 863 (1944). Furthermore, the terms "from" and "in" a building are used synonymously by the Michigan courts when referring to the *same* statutory offense. See, e. g., People v. Franczyk, 315 Mich. 384, 24 N.W. 2d 87 (1946) ("larceny from a store"); People v. Huffman, 315 Mich. 134, 23 N.W.2d 236 (1946) ("larceny from the store"). Compare, e. g., People v. Owens, 3 Mich.App. 707, 143 N.W.2d 574 (1966) ("larceny in a building"); People v. Gollman, 3 Mich.App. 463, 142 N. W.2d 903 (1966) ("larceny in a building"). Granting that the title is not part of a statute, Mich.Stat.Ann. § 28.-592, C.L.1948, § 750.360, also describes the offense as "Larceny from * * *."

■ Finally, the specific count of "larceny in a building" was added to the Information by leave of the court to which count petitioner pleaded guilty. A mere ministerial error by the judge's clerk resulted in the incorrect docketing, which error was repeated on the Mittimus to the Wayne County Sheriff. However, such harmless error is not grounds for habeas corpus release. In re Rogers, supra.

Petitioner's final ground for relief is his contention that the Information contained only a count charging him with breaking and entering. Because he pleaded guilty to the offense of "larceny in a building," reasons petitioner, his plea was invalid because the Information did not include the offense of larceny.

■ As the record discloses, at the arraignment on the Information, petitioner first entered a plea of "not guilty" to the charge of breaking and entering. However, petitioner was permitted to withdraw his plea and enter a plea of "guilty" to the offense of larceny in a building. After petitioner entered his plea, the count of larceny in a building was added to the Information by express leave of the court. Petitioner, then represented by counsel, cannot now assert that he was not apprised of his offense because the originally worded Information only contained the charge of breaking and entering. He voluntarily entered a plea of guilty to the count which was added to the Information.[1]

1. The transcript of the proceedings at pages 2–3 is as follows:

"THE COURT: You may proceed.

MR. SLOMOVITZ: Your Honor, this is file number 42062 and we are before the Court for pre-trial hearing. The defendant is charged with breaking and entering a business place which carries a ten-year maximum penalty.

Present before the Court is the defendant; his attorney Mr. Reosti; the officer in charge of the case, Detective Maffesoli from the Highland Park Police Department.

At this time, your Honor, I would like to move to add a count to the information: larceny from a building, which carries a maximum penalty of four years. I have discussed it with the officer in charge and I believe he has no objection.

OFFICER MAFFESOLI: I have no objection.

MR. SLOMOVITZ: Do you speak for the complaining witness?

OFFICER MAFFESOLI: I consulted with him and he will go along with the police department.

MR. SLOMOVITZ: May the count be added?

THE COURT: The count of larceny from a building?

MR. SLOMOVITZ: Right.

THE COURT: It may be added.

MR. SLOMOVITZ: Thank you, your Honor.

MR. REOSTI: Your Honor, I have talked to the defendant and explained

The court, therefore, concludes:

(1) A magistrate has jurisdiction to issue an arrest warrant based on a recommendation signed by an assistant prosecuting attorney.

(2) Because petitioner voluntarily entered a plea at his arraignment on the information, he cannot question any of the proceedings prior to his arraignment.

(3) The distinction between larceny "from" and "in" a building is immaterial. Furthermore, the count added by leave of court to the information at the petitioner's arraignment contained the statutory term "in."

(4) Petitioner cannot be heard to complain that the addition of the count of larceny in a building to the information in order to permit him to voluntarily plead guilty to such lesser offense denied him due process.

Therefore, the motion to dismiss petitioner's petition for a writ of habeas corpus is granted.

his right to a jury trial or a trial by yourself, and his right to confront a witness under his constitutional rights to a trial. He informed me that he, at this time, would like to withdraw the plea of not guilty and plead guilty to the added count."