PEOPLE *v.* LINSCOTT

1. Criminal Law—Preliminary Examination—Delay.

Failure to conduct preliminary examination of defendant accused of statutory rape until 57 days after it had been demanded was error, but where trial was promptly had, such error was not reversible error.

2. Same—Inmate—Untried Warrant.

Refusal of trial judge to dismiss action brought to trial more than 180 days after issuance of warrant while defendant was in jail *held,* proper where defendant was in county jail awaiting retrial on charge following decision of Court of Appeals setting aside conviction and was not in prison and thus not subject to the 180-day requirement and where, in any event, the holding of the examination and the hearing on motions before trial constituted sufficiently good faith action in initiating proceedings to satisfy the statutory requirement (CLS 1961, § 750.131).

3. Same—Guilty Plea—Acceptance—Trial Court Discretion.

The acceptance of the plea of guilty to a criminal charge is a matter of discretion for the trial judge and where upon examination of defendant it appeared defendant was unclear as to what happened on the date of the offense the trial court did not abuse its discretion in refusing to accept the plea.

4. Same—Warrant—Written Authorization by Prosecutor.

Action of prosecuting attorney in hearing request from policewoman for authorization for warrant and in supervising prep-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 445.
[3] 21 Am Jur 2d, Criminal Law § 486 *et seq.*
[4] 5 Am Jur 2d, Arrest § 76.
[5] 5 Am Jur 2d, Arrest § 12 *et seq.*
[6] 44 Am Jur, Rape § 79 *et seq.*
Admissibility, in prosecution for sexual offense, of evidence of other similar offenses. 167 ALR 565, 77 ALR2d 841.

aration of complaint and warrant and in initialing the warrant *held,* sufficient compliance with statute requiring written authorization for warrant by prosecutor.

5. SAME—COMPLAINT—KNOWLEDGE—INFORMATION AND BELIEF.

Complaint in criminal action which on its face purports to be made upon the knowledge of affiant may not be impeached by a showing of lack of knowledge; thus trial court did not commit error in refusing to dismiss action against defendant for statutory rape based upon complaint of policeman who was told of the rape by the victim even though the victim was available to make a complaint upon her own knowledge.

6. SAME—RAPE—EVIDENCE—OTHER SEXUAL ASSAULTS.

Testimony as to other sexual assaults by defendant accused of rape on the complaining witness and other girls in the family *held,* not so inflammatory as to constitute grounds for mistrial and not to have resulted in miscarriage of justice where defense counsel did not object to testimony until it was concluded and the trial court ordered objectionable testimony stricken and twice instructed jury to disregard it.

Appeal from Kent, Hoffius (Stuart), J. Submitted Division 3 November 13, 1968, at Grand Rapids. (Docket No. 4,011.) Decided November 27, 1968. Leave to appeal denied March 13, 1969. 381 Mich 807.

Leroy Linscott was convicted of statutory rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *W. J. Nykamp* and *S. J. Venema,* Assistant Prosecuting Attorneys, for the people.

*Warner, Norcross & Judd (Charles E. McCallum,* of counsel), for defendant on appeal.

Per Curiam. This is an appeal from a conviction before a jury for statutory rape, CLS 1961, § 750.520 (Stat Ann 1954 Rev § 28.788).

On May 2, 1963, a criminal complaint was filed against defendant, Leroy Linscott, by Kathryn Visser, a policewoman, alleging that appellant was guilty of the rape of a fifteen-year-old female on April 13, 1963. A criminal warrant was issued from Grand Rapids police court charging appellant with the rape. Appellant was arrested, waived examination and, upon plea of guilty, was convicted and sentenced to imprisonment on June 3, 1963.

On October 24, 1966, following appellate proceedings, this Court entered an order reversing appellant's conviction and remanding the case for trial. On December 12, 1966, appellant, through his counsel, filed a demand that his preliminary examination be held within ten days from the date of demand. On January 20, 1967, notice was received that preliminary examination would be held in the police court of Grand Rapids, on February 7, 1967.

At the preliminary examination held on February 7, 1967, appellant presented motions to dismiss on the grounds that the examination was not held within 10 days, that the complaint was based upon information and belief, and that the warrant upon which the proceedings were based had not been authorized in writing by the prosecuting attorney. All of these motions were denied, whereupon the preliminary examination was held subject to the reserved right in appellant to appeal from these rulings. Following the preliminary examination, appellant was bound over to the Kent county circuit court for trial.

On February 23, 1967, appellant renewed his motions first made at the preliminary examination hearing. Hearing was had on these motions on

April 24, 1967, at which time appellant further moved for dismissal on the grounds that he had not been brought to trial within one hundred eighty days as required by statute. After hearing, all motions were denied.

Following the denial of these motions, the prosecution offered to accept appellant's plea of guilty to the offense of assault with intent to commit rape. Accordingly, arraignment was scheduled for the morning of April 25, at which time appellant indicated his willingness to plead guilty to this offense. Following examination of the defendant, the trial court refused to accept his plea and ordered that the case be tried. Trial was held on April 25, 1967. At the noon recess, defendant moved the court to accept the plea of guilty on the grounds that testimony to that time had clearly established the truth of his plea, which motion was denied. Defendant was convicted of rape, and the case is now before this Court for review.

At the trial the alleged rape victim said, in answer to a question from the prosecuting attorney as to why she customarily slept fully clothed, that "us girls were afraid of him because we knew what he was going to do. I mean he tried it all the time." She further testified to her conversation with her sister that "she said she was getting sick and tired of it and was going to tell, herself." At the conclusion of this witness' testimony the following transpired:

"*Mr. McCallum:* Your Honor, I would request at this time that the jury be instructed to disregard all the testimony of this witness as to what other children might have said and what other children complained about as to the conduct of the respondent as not having relevance to this case.

*"The Court:* I will so instruct. Ladies and gentlemen, Mr. McCallum is making a motion to strike certain portions of the testimony on the basis that it is hearsay testimony, said by a third person to [the complainant]. I will therefore instruct you anything that the sister said to her is to be stricken from your memory and you are to completely disregard it as though it was not said at all, because it is what we term hearsay and they are not here to confirm it and have not been endorsed as being witnesses. If they had been endorsed as witnesses they could be called and make any statements they wish. All right. You may call your next witness."

At the end of the trial the court instructed the jury thus:

"If the court has ruled that something should be stricken from the record, it is your duty to completely disregard it and not to give it any consideration. You are to consider only, then, the evidence which has been received."

We will deal with each issue raised by defendant in order.

(1) *Did the failure to conduct defendant's preliminary examination until 57 days after the same had been demanded require dismissal of the proceedings against him?*

The statutes requiring prompt preliminary examination and to be held within 10 days, CL 1948, § 766.1 (Stat Ann 1954 Rev § 28.919), CL 1948, § 766.4 (Stat Ann 1954 Rev § 28.922) are modified by CL 1948, § 766.7 (Stat Ann 1954 Rev § 28.925) providing for necessary adjournments for good cause. In this case, however, no day certain was set within the statutory period and then adjourned for sufficient stated reasons. We hold this to be error. Under the facts of this case, however, in view of the prompt trial, we do not regard this error as reversible.

(2) *Did the failure to take good faith action to bring Leroy Linscott to trial within 180 days after there came into existence an untried warrant against him while he was an inmate of a penal institution require dismissal of the proceedings against him?*

The statute, CLS 1961, § 780.131 (Stat Ann 1968 Cum Supp § 28.969[1] requires a defendant in prison to be brought to trial within 180 days of the receipt of a warrant by the department of corrections. In this case, defendant was granted a new trial by order of the Court of Appeals on October 24, 1966. He was not in prison thereafter, but held in the Kent county jail, awaiting retrial, and thus not subject to the act.

In any event, his examination which he demanded was held February 7, 1967. In circuit court defendant renewed the motions made in the examining court on February 23, 1967, which were argued on April 24, 1967, and denied April 25, 1967, with the trial following on the same day. In the case of *People* v. *Castelli* (1963), 370 Mich 147, 153, Mr. Justice DETHMERS stated:

"In *People* v. *Hendershot* (1959), 357 Mich 300, this court held that the statutory requirement that the accused 'shall be brought to trial' within 180 days does not require actual trial within that time, but only the taking of good faith action to start the proceedings in motion."

We conclude that the action taken in this case satisfies the requirement of the statute as interpreted in *People* v. *Castelli, supra.*

(3) *Was the lower court required to accept Leroy Linscott's plea of guilty upon a showing that the same was made freely, understandingly and voluntarily, without undue influence, compulsion or duress, and without any promise of leniency?*

The defendant was charged with statutory rape. He offered to plead guilty to assault with intent to commit rape, not the main charge. The defendant when questioned by the court as to his offer to plead guilty to the lesser offense said he could not remember what happened on the day of the alleged rape. Under the circumstances, there was no way for the court to determine that defendant was pleading guilty freely, voluntarily, and understandingly. Acceptance of a guilty plea is a matter of discretion for the trial judge. *People* v. *Banning* (1950), 329 Mich 1. There is no abuse of discretion herein.

(4) *Did the failure to show that the prosecuting attorney authorized in writing the issuance of the warrant upon which the prosecution of Leroy Linscott was based require the dismissal of the proceedings against him?*

CL 1948, § 764.1 (Stat Ann 1954 Rev § 28.860) requiring authorization of warrants by the prosecuting attorney for the county, has been interpreted recently in *People* v. *Carter* (1967), 379 Mich 24 and *People* v. *Pelky* (1967), 8 Mich App 85. They hold that substantial compliance with the statute is sufficient. In this case, the complaining witness, Policewoman Visser, testified at the trial, that she obtained an authorization from the prosecuting attorney's office for a warrant and that the complaint and warrant were prepared there and handed to her. The warrant contained the initials of the prosecuting attorney. We hold this to be substantial compliance with the statute under the rulings of *Carter* and *Pelky, supra.*

(5) *Did the showing that the complaint upon which the proceedings against Leroy Linscott were founded was made upon information and belief, where a complaining witness who could have made a complaint upon actual knowledge was clearly*

*available, require the dismissal of all proceedings
based upon such complaint?*

The complaint against defendant does not state that it was made on information and belief. In *People* v. *Mosley* (1953), 338 Mich 559, held that a complaint, which upon its face, purports to be made upon the knowledge of the affiant may not be impeached by showing lack of knowledge. Although *People* v. *Mosley, supra,* may be under some question by reason of the statement of the majority of said court in the case of *People* v. *France* (1963), 370 Mich 156, of an inclination to reexamine the *Mosley* rule "under a proper record." We do now, as previously in *People* v. *Roney* (1967), 7 Mich App 678, rule that we have no basis for proceeding on the assumption that *People* v. *Mosley, supra,* and cases therein cited, are not still controlling authority. We find no error.

(6) *Was testimony as to other sexual assaults by Leroy Linscott upon the complaining witness and other girls in the family so prejudicial and inflammatory as to constitute grounds for mistrial?*

The record discloses that defense counsel raised no objections to the testimony until the witness had completed giving her testimony, at which time, the court ordered the objectionable testimony stricken and gave a cautionary instruction as requested by defense counsel. This instruction was repeated in the regular charge to the jury. No request was made for mistrial.

It does not affirmatively appear that the error complained of resulted in a miscarriage of justice. CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096).
Affirmed.

HOLBROOK, P. J., and T. G. KAVANAGH and MCINTYRE, JJ., concurred.